## Case No. 17,862.

### WINANS v. McKEAN R. & N. CO.

[6 Blatchf. 215.] [1]

Circuit Court, N. D. New York.   Oct. 9, 1868.

CREDITORS' BILL AGAINST CORPORATION — UNPAID STOCK SUBSCRIPTIONS—JURISDICTION OF DEFENDANT—REMOVAL FROM STATE COURT—FOLLOWING STATE DECISIONS.

1. Where a suit is brought in a state court, and is duly removed into this court, by the defendant, under the 12th section of the act of September 24, 1789 (1 Stat. 79), the question of the jurisdiction of this court is not dependent upon any of the provisions of the 11th section of that act.

[Cited in Hobby v. Allison, 13 Fed. 402.]

2. A defendant who voluntarily appears in a suit in this court, waives his right to urge, as an objection to the jurisdiction of this court, that he was not found, or served with process, in this district.

[Cited in Romaine v. Union Ins. Co., 28 Fed. 636.]

3. Where a bill is filed, in this court, against a corporation created by the state of Pennsylvania, by a judgment creditor thereof, for a sequestration of its property, rights, and franchises, and for the appointment of a receiver thereof, with power to collect from its stockholders the amount of their unpaid subscriptions, or sufficient thereof to satisfy such judgment, and for the payment therewith of such judgment, it is a sufficient statement, in such bill, of the amount and value of such unpaid subscriptions, to state that it has unpaid subscriptions to its stock much more than sufficient to pay such judgment.

4. The fact that such corporation has no property in this district, and no property anywhere, but the demands for such unpaid subscriptions, is no objection to the jurisdiction of this court, and no defence to such suit.

5. The cases of Mann v. Pentz, 3 Comst. [3 N. Y.] 415, and Dayton v. Borst, 31 N. Y. 435, considered.

6. The case of Dayton v. Borst maintains the right of a receiver of a corporation appointed under a judgment creditor's bill, to recover the balance unpaid upon subscriptions to the capital stock of such corporation, without any previous call for the payment of such sub-

---

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

scriptions having been made by such corporation, and, as the latest exposition of the law of the state of New York on the subject, by its highest court, is adopted by this court.

[This was a bill in equity by Theodore E. Winans against the McKean Railroad & Navigation Company.]

The case came before the court, on a demurrer to the plaintiff's bill of complaint.

HALL, District Judge. The bill sets forth, in substance, that the plaintiff is a citizen of the state of New York, and the defendant a corporation created under and by virtue of the laws of the state of Pennsylvania; that, heretofore, the plaintiff, being a citizen of New York, commenced an action in the supreme court of that state, against the defendant, for the same cause of action afterward stated in the bill; that, thereupon, the defendant, by the means, and in the mode, prescribed by law, and duly set forth in the bill, removed the case to this court for trial, in pursuance of the act of congress; that afterward, and at the next term of this court, the defendant filed, in this court, a copy of the process served upon it in this action, in said supreme court, and entered its appearance in the said action, so removed to this court for trial; that the defendant was, on the 10th of August, 1858, and still is, a corporation created under and by virtue of the laws of Pennsylvania, and is a citizen of that state; and that the defendant has its principal office and place of business in the city of New York. The bill then proceeds to state the regular recovery of a judgment in favor of the plaintiff, against the defendant, in the supreme court of the state of New York, for more than nine thousand nine hundred dollars, for money lent; that such judgment was recovered in September, 1865, and duly docketed; that executions were issued thereon, and duly returned wholly uncollected; and that the judgment remains wholly unpaid. The allegations in respect to such judgment and executions, and the return of such executions, are, in fact, those which are ordinarily required in a judgment creditor's suit, prosecuted for the purpose of reaching the equitable assets of the debtor. The bill then further states, that, since the recovery of such judgment, the plaintiff has made diligent efforts to have such judgment prosecuted, and to commence an action for the recovery thereof, in Pennsylvania; that he has not been able to find any of the officers of the defendant upon whom to serve process in that state, or any property belonging to the defendant, in that state, to attach, so as to commence an action therein; that all of the directors of the company reside in the city of New York, and all, or nearly all, of the stockholders thereof reside in that city; that the defendant has no office or officer any where in the state of Pennsylvania, and is not engaged in any business in that state, and has no property of any kind therein, and has no property in the state of New York, or elsewhere, subject to levy and sale on execution; that the only property or means which the defendant has, is the demand of the defendant against its stockholders, for the portion of their subscriptions remaining unpaid; and that the defendant has subscriptions to its stock remaining unpaid, and which have never been called for or required to be paid by the defendant, or its directors, much more than sufficient to pay the judgment of the plaintiff. The bill, then, without setting out any of the provisions of the defendant's charter, or of the laws under which it was incorporated, or any thing in regard to the terms, or legal effect, of the alleged subscriptions which have not been paid in full, or whether the parties who made such subscriptions are still stockholders in the corporation, and, in short, without setting out any thing beyond the fact of there being such unpaid subscriptions, to show that the corporation has a present, or any future, right of action to recover the unpaid balance of such subscriptions, and without making any of the persons whose subscriptions are unpaid, parties to the bill, proceeds to pray for a sequestration of the property, rights, and franchises of the defendant, and for the appointment of a receiver, with the usual powers to receive the property, rights, and franchises of the defendant, and to collect and receive from the stockholders of the defendant the amount of their subscriptions unpaid, or sufficient thereof to satisfy the plaintiff's judgment, with interest and costs; and that such receiver may be directed, by the judgment of this court, to pay over to the plaintiff the amount of such judgment, interest, and costs. It also contains the prayer for general relief.

To this bill the defendant demurs, and assigns as causes of demurrer: (1) That it appears, by the bill, that the defendant is a citizen of the state of Pennsylvania, and that all of its property and effects are within that state, and that the property and effects sought to be reached by, and through, this action, are in that state, and that none of the same are in the state of New York; (2) that it does not appear that the defendant has any property or effects whatever, to be used, or applied, in or towards the satisfaction of the judgment mentioned and described in the bill; (3) that it does not appear that the defendant holds against its stockholders, or any of them, any demand for any portion of their subscriptions, or that any portion thereof is unpaid, or that any portion thereof is collectable; (4) that the plaintiff has not, in and by his bill, made and stated such a case as does, or ought to, entitle him to any such discovery, or relief, as is sought, and prayed for, from and against the defendant. There is also a fifth formal cause of demurrer assigned, but it is only a reiteration, in a different form, of the substance of the cause of demurrer fourthly assigned.

As it was conceded on the argument, and is substantially stated in the bill, that this suit

was first instituted in a state court and removed to this court for trial, according to the provisions of the 12th section of the judiciary act, it is unnecessary to discuss the questions presented by the cause of demurrer firstly assigned, or to examine the numerous cases cited on the argument to show that this court has no jurisdiction of this case by reason of the character and citizenship, or legal domicil or locality, of the defendant. If this question of jurisdiction depended upon the provisions of the 11th section of the judiciary act, most of the cases cited would be pertinent; but, as it depends wholly upon the provisions of the 12th section, a sufficient authority for holding that the demurrer cannot be sustained upon the grounds stated, is furnished by the cases of Bliven v. New England Screw Co. [Case No. 1,550]; Barney v. Globe Bank [Id. 1,031]; Sayles v. Northwestern Ins. Co. [Id. 12,421]; Clarke v. New Jersey Steam Nav. Co. [Id. 2,859]. But, even in a case within the 11th section of the judiciary act, a defendant who is not found, or served with process, in the district in which the suit is brought, waives his right to object to the jurisdiction upon that ground, by voluntarily appearing in the suit, as the defendant did in this case, by entering his appearance in this court, as alleged in the bill. The immunity which, under the 11th section of the judiciary act, is, in certain cases, secured to a defendant not so found or served with process, is a personal privilege which he may always waive; and he does waive it by entering his appearance. Toland v. Sprague, 12 Pet. [37 U. S.] 300; Clarke v. New Jersey Steam Nav. Co. [supra]; Flanders v. Etna Ins. Co. [Case No. 4,852]; Harrison v. Rowan [Id. 6,140]; Gracie v. Palmer, 8 Wheat. [21 U. S.] 699; Logan v. Patrick, 5 Cranch [9 U. S.] 288; Irvine v. Lowry, 14 Pet. [39 U. S.] 293.

The objection that the property and effects of the defendant which it is the object of the bill to reach, are in the state of Pennsylvania, and all the objections stated in the second, third, and fourth causes of demurrer assigned, may, perhaps, be properly considered together; or else, as having such direct and close connection as to justify the omission to consider each separately and in its order.

The bill alleges, in substance, that the defendant has no property of any kind in Pennsylvania, and that the only property or means which it has is its demand against its stockholders for the proportion of their subscriptions remaining unpaid; but it alleges that the defendant has subscriptions to its stock remaining unpaid much more than sufficient to pay the plaintiff's debt. Taken together, these allegations can hardly be said to show that the defendant is without means to pay the plaintiff's debt. The alleged sufficiency of these unpaid subscriptions would seem to require that their value as well as their amount should be more than equal to the plaintiff's debt; and it must be admitted that the allegation of value would have been more clearly appropriate and sufficient, if the value of these subscriptions, or their amount, and the pecuniary responsibility of such subscribers, had been directly alleged, and not been left to be inferred from the somewhat indefinite statement just referred to. The question is not free from doubt, but I am inclined to think that the bill is sufficient in so far as this statement of amount and value is concerned, and shall therefore proceed to consider the more serious questions still remaining for discussion.

The right to require payment of these amounts of unpaid stock, if it can be considered as the property or effects of the defendant, must belong to the defendant as a Pennsylvania corporation, and, as a chose in action, must be considered as property of the defendant in Pennsylvania, where and where only the body corporate exists. If it is, as yet, a mere right of the corporation, by a resolution of its board of directors or managers, to call for the payment of the balance unpaid, by installments or otherwise. It is a right which can be made the basis of an action at law against the stockholders only, upon and by means of the proper action of a Pennsylvania corporation; and, probably, this action cannot be enforced by this court, for want of power to compel the directors or managers of this foreign corporation to make the necessary calls for such payment. If the proper calls have been made, or if a suit at law could now be sustained by the corporation, without any such call having been made, to enforce payment, such a right of action follows the locality of the corporation or creditor, and, so far as locality is concerned, must be considered as assets of the defendant in Pennsylvania, and not within the jurisdiction of this court—and this whether the written subscription, or other evidence of such subscription, be within this district or in Pennsylvania.

But I am inclined to the opinion that the fact that the defendant has no real or personal property, choses in action or equitable interests, in this district, is not, of itself, an objection to the jurisdiction of this court or a sufficient defence to the present bill. The actual appearance of a foreign corporation as a defendant, gives to this court the same right to grant a proper decree upon the case made, that it would have the right to make under like circumstances against a natural person proceeded against for the same cause of action; and the case of Mitchell v. Bunch. 2 Paige. 606, cited and relied upon by the defendant, as well as several English cases there cited by Chancellor Walworth, would seem to authorize this court to make a decree in a judgment creditor's suit, requiring the defendant to transfer to a receiver real and personal estate, situated in a foreign country, and choses in action belonging to him, though he might be a resident of a for-

eign country, in order to secure their application to the satisfaction of the judgment of the plaintiff in such suit. It is not, ordinarily, a sufficient defence to an action at law or a suit in equity, that the plaintiff will not be able to enforce the judgment or decree to which he would otherwise be entitled; but, in a judgment creditor's suit brought to enforce the payment of such creditor's demand out of the equitable interests and assets of the defendant which are not subject to execution at law, the precise ground of relief is, that the court of equity can enforce the remedy sought, while it cannot be obtained in a common law court; and, in such suits, a court of equity ought not to allow the parties to go through a long course of expensive and, perhaps, vexatious litigation, when it is apparent that it must be fruitless in its result. This makes it necessary to consider the more important questions which relate to the actual merits of this case, and the extent of the relief which can be afforded to the plaintiff under his bill as now framed, through the action of a receiver or otherwise.

It is very clear, that the capital stock of the corporation defendant, and any unpaid portions of such capital stock, must be considered, in equity, as a trust fund, specifically charged with the payment of the debts of the corporation. Mann v. Pentz, 3 Comst. [3 N. Y.] 415, 422; Spear v. Grant, 16 Mass. 9; Wood v. Dummer [Case No. 17,944]; Briggs v. Penniman, 8 Cow. 387; Slee v. Bloom, 19 Johns. 456, 474; Hume v. Winyaw Co., 4 Am. Law Mag. 92; Ward v. Griswold-ville Manufacturing Co., 16 Conn. 593; Nathan v. Whitlock, 9 Paige, 152; Dayton v. Borst, 31 N. Y. 435. This being so, it must necessarily follow, that a court of equity, upon a bill properly framed, in a suit brought by and against all proper parties, would grant the equitable relief to which the plaintiff might be entitled. (See cases just cited.) This brings us to the questions whether, in this case, the proper parties are before the court, and whether the bill states a case which entitles the plaintiff to the relief, or any portion of the relief, prayed for in the bill.

The case of Mann v. Pentz, ubi supra, apparently decides, that the allegations of the bill in this case would be insufficient to authorize a decree against any single stockholder of a railroad corporation created by the legislature of this state, who might have been made a party to such a bill; and that any receiver who might be appointed in such a suit would have no right, in any event, to prosecute, either at law or in equity, an individual stockholder, for the recovery of the sum unpaid upon his stock. If that case stood alone, it would create very serious doubts, whether a receiver appointed in this case could maintain any action at law or suit in equity, for the purpose of enforcing payment of the amount still unpaid upon subscriptions to the capital stock of the defend-

ant; and it might well be doubted, whether the liability of a stockholder upon his unpaid subscriptions could be enforced in the courts of this state, except by a suit in equity, in behalf, or for the benefit, of all the creditors of the corporation, and against all the stockholders in default. The stockholders' liability to creditors of the corporation was apparently considered, in that case, as a statutory liability only, and it was said that the stockholder could only be made liable to the corporation by regular calls, in pursuance of its charter; but the subsequent case of Dayton v. Borst, 31 N. Y. 435, seems to be opposed to the case of Mann v. Pentz, on these points, (unless there is a difference between the two cases by reason of the fact that one was a New York corporation and the other a corporation of New Jersey,) and to maintain the right of a receiver, with the ordinary powers of a receiver appointed under the bill of a judgment creditor, to recover the balance unpaid upon subscriptions to the capital stock of the corporation of which he has been made receiver, without any previous call being made by the corporation. The 13th section of the act creating the corporation in which the defendant in Mann v. Pentz was a stockholder, provided for calls upon the stockholders, and notice thereof, and for the forfeiture of stock in case the calls thereon were not paid; and it may have been properly considered by the judges who decided the two cases referred to, that this 13th section, in effect, required calls to be made before any action could be brought for the recovery of the amount unpaid upon the subscriptions of its stockholders, although I confess that my own first impression was, that the provision referred to required such calls, and notice thereof, only in cases where a forfeiture of the stock was contemplated. The rights of the parties were also considered to depend upon the New York statutes in reference to insolvent corporations, and these facts may, perhaps, distinguish the case from that of Dayton v. Borst. The cases of Mann v. Pentz and Wood v. Dummer were cited by Judge Davies, in delivering the opinion of the court in Dayton v. Borst, and there is nothing in his opinion, showing that the court intended expressly to overrule the decision in Mann v. Pentz. Nevertheless, the two cases appear to me to be irreconcilably in conflict, unless the case of Mann v. Pentz proceeded upon the ground that, under such 13th section, there could be no liability against the stockholder, unless a call had been made in pursuance of that section, or upon the ground that the statute of New York had provided a different remedy against delinquent stockholders; and the later case, in which the plaintiff was the receiver of a foreign corporation, "with power" (as is stated) "to sue for, collect, receive, and take into possession, all the goods, rights, and credits" of such corporation, shows that a receiver with these powers, (such as are or

dinarily conferred upon receivers under judgment creditors' bills), had a right to sue for the unpaid balance of subscriptions, and that, when there was nothing to the contrary appearing in the case, the receiver might recover the amount, without showing anything more than the fact that the defendant had become a stockholder, and had failed to pay the full amount of his stock.

The case of Dayton v. Borst seems to be full authority for the position, that a receiver appointed in this suit would, under the case made by the bill, be entitled to recover the unpaid balances due from the stockholders of the defendant, to such extent as would enable him to pay the plaintiff's demand; and, as the question is one of state law, and the decision in Dayton v. Borst was made by the highest court of the state, without the express dissent of any of its judges, I shall rule the demurrer in this case on the authority of that decision, as the latest exposition of the law of this state upon the questions involved in its determination.

I confess, that a bill framed according to the views expressed in the cases of Wood v. Dummer and Mann v. Pentz, and making the corporation, and its delinquent stockholders, parties defendants, seems to me a more appropriate form of proceeding in the case of a domestic corporation; and no insuperable objection to adopting that form of proceeding in the case of a foreign corporation, at least so far as to make stockholders in default parties defendants in a state court, now occurs to me, or has been suggested by the counsel. The equitable attachment of the demand of the corporation against such defaulting stockholders, thus made defendants, would be an important consideration in favor of such a form of proceeding; but, as it has not been adopted in this case, it is not necessary now to decide whether such a bill could be maintained upon the case stated by the plaintiff.

The demurrer is overruled, but with leave to the defendant to answer, within thirty days after notice of the order overruling the demurrer, on the payment of costs.