J. D. BRYANT & JAS. READE, Trustees of ANNA BURGWYN and
    GEO. P. BURGWYN *vs.* ALBERT L. SCOTT.

Where in an action pending in a Court of this State there were severa[l]
    plaintiffs; one of whom was a citizen of North Carolina and the others
    were non residents of the State, the defendant being also a non-resi-
    dent; *Held,* not to be a proper case for removal to the Circuit Court of
    the United States, upon petition, under the act of Congress of March 2d,
    1867, there being no controversy between a citizen of this State and a
    citizen of another State.

Petition in this Court for the removal of a cause, brought
up by appeal from the Superior Court of HALIFAX, to the
Circuit Court of the United States for the District of North
Carolina.

The opinion of the Court contains a sufficient statement of
the case.

*Smith* and *Peebles & Peebles,* for the plaintiffs.
*Strong,* for the defendant.

RODMAN, J. This case comes into this Court upon an appeal
by the plaintiffs from an order of the Judge below, vacating
an order enjoining the defendant from selling certain land con-
veyed to him by H. K. Burgwyn by way of mortgage. In this
Court a motion is made by plaintiffs, upon affidavits, to remove
the cause to the Circuit Court of the United States, upon the
ground that from prejudice or local influence, they are not
able to obtain justice in the State Courts.

The defendant says, in the first place, that the motion should
not be allowed, because the action itself is not pending in this
Court, but only so much of it as was taken up by the appeal
from the interlocutory judgment vacating the injunction. We
think we need not consider, whether an order of removal made
here under the circumstances would remove the whole case or

not. That would more properly be for the Circuit Court, if the order were made; and no doubt some way would be found by which the whole record could be got in that Court.

But is the case one authorized to be removed by the act of Congress? The act (2d March, 1867, 14 Stat. at Large 558,) says that in a suit "in which there is a controversy between a citizen of the State in which the suit is brought, and the citizen of another State, &c., such citizen of another State, whether he be plaintiff or defendant," may file a petition &c.

It appears by the affidavits in this case, that the plaintiffs Bryant and Reade are citizens of Massachusetts, George P. Burgwyn the other plaintiff is a citizen of North Carolina, and the defendant Scott a citizen of New York.

Here there is a controversy between Burgwyn one of the plaintiffs and the defendant; but Burgwyn is not a citizen of another State, and could not file the petition; and Bryant and Reade, who filed the petition, although citizens of another State, have no controversy with any citizen of this State, but with a citizen of New York. We think the case does not come within either the letter or spirit of the act, and the order of removal or suspension is refused.

PER CURIAM.                                     *Venire de novo.*