## Case No. 9,636.

### MINNETT v. MILWAUKEE & ST. P. RY. CO.

[3 Dill. 460; 3 Cent. Law J. 281; 13 Alb. Law J. 254; 8 Chi. Leg. News. 169; 22 Int. Rev. Rec. 67.] [1]

Circuit Court, D. Minnesota. 1875.

REMOVAL OF CAUSES—LOCAL INFLUENCE AND PREJUDICE — WHO MAY MAKE AFFIDAVIT — FINAL TRIAL—TIME OF APPLICATION FOR REMOVAL.

1. The act of March 2, 1867 [14 Stat. 558], as to the removal of suits from the state to the federal court. although technically repealed by the Revised Statutes, is therein substantially re-enacted, and a party on complying with its provisions is entitled to a removal of the cause.

[Cited in Crane v. Reeder, Case No. 3,356.]

2. The president, and perhaps, the general manager of a railway company, is prima facie entitled to make the required affidavit in such a case.

[Cited in Mix v. Andes Ins. Co.. 74 N. Y. 56.]

3. Such application may be made after a new trial on the merits has been granted and before the new trial has been commenced.

[Cited in McCallon v. Waterman, Case No. 8,675.]

The plaintiff [John Minnett] brought his action in the state district court; and after a trial upon its merits and a verdict in his favor, the court, upon the defendant's motion, granted a new trial, for reasons, as stated, that "said verdict is not justified by the evidence and is contrary to law." The defendant on February 13th, 1875, presented a petition for the removal of the case to the United States circuit court, embodying the substance of the language of the third subdivision of section 639, page 113, Rev. St. U. S., except that it states that there has been "no final hearing or trial of the cause." The proper security was offered, and the affidavits of the president of the company defendant, and its general manager, were made and filed at the time of filing the petition. The defendant's attorney, after these steps had been taken, served a notice upon the attorneys for the plaintiff of a motion before the state district court for the removal of the suit. In this notice he states that the defendant has filed the affidavit provided for by an act of congress approved March 2d, 1867. The motion came before the court, and after counsel for the plaintiff and defendant had been heard, the removal was ordered February 23d, 1875. The plaintiff now moves before this court for an order remanding the suit, for the reasons: 1. Because said cause was sought to be removed under Act 1867, c. 196, which act was not in force at the date of the presentation of the petition for said removal, and of the order granted thereon. 2. Because the petition, affidavit and bond presented to the state court were not drawn, executed or approved under or by virtue of any law of the United States in such case provided, in force and ef-

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 3 Cent. Law J. 281, contains only a partial report.]

fect at said date. 3. Because no removal can or could be had of said cause after a trial thereof upon the merits. Other reasons were urged, but they are substantially embodied in those above given.

E. C. Palmer, for the motion.
Gordon E. Cole, contra.

NELSON, District Judge. 1. If the defendant complied with the law in force at the time it presented the petition, affidavits and security, it was entitled to have the suit removed, and the judge of the state court had no discretion in the premises. The petition makes no allusion to any particular act of congress, but states that the petitioner is a citizen of the state of Wisconsin, and the plaintiff a citizen of the state of Minnesota; alleges the amount sought to be recovered sufficiently large to give the federal court jurisdiction, and in terms embraces all that is set forth and necessary to be done under the third subdivision of section 639, Rev. St.

These statutes embrace all the laws in force December 1, 1873, as revised and consolidated; and section 639 contains all the provisions of the several previous acts relating to the removal of suits from the state to the federal court. The only change made is in the act of 1867, by transposition of the words in the phrase, "at any time before the final hearing or trial," so as to read, "at any time before the trial or final hearing."

The notice of the motion which was served upon the plaintiff's attorney states that the removal is demanded under the act of 1867, which was technically repealed at the time the defendant presented its petition. The right of removal, however, does not depend upon the contents of the notice of the motion for removal; and the state court, as before stated, could not withhold the removal if the existing law in regard to the petition, affidavits, and security was complied with. This court is also bound to retain jurisdiction of the suit under such circumstances.

2. In my opinion, the allegation in the petition, that there has been no final hearing or trial of the cause, is a compliance, substantially, with the third subdivision of section 639, which gives the right of removal at any time before "the trial or final hearing;" and corporations being within its purview, any proper officer—particularly the president, who is the head of the organization—could make the requisite affidavit.

3. The other question necessary to be determined is whether, there having been a trial upon the merits, the defendant is entitled to a removal of the action, a new trial having been granted. The statute requires the petition to be filed before "the trial or final hearing of the cause;" and it is urged that a trial on the merits prevents the removal of the case. "The trial" mentioned in the act, in my opinion, means, not "one trial," or "a trial," but a determination of the rights of the par-

ties forever. When a new trial was granted, the suit was in the same position that it would have been had no trial taken place; the first trial had been erroneous—it had not been in accordance with the law, and there had been no such examination of the rights involved as was contemplated by congress in using the word "trial." Again "the trial" mentioned in the act means a final investigation of the rights involved in the court of original jurisdiction.

The terms "the trial," and "final hearing" are used by congress as having a relative connection—a reciprocal meaning—the former applicable to actions at law, and the latter to equity cases. The word "suit" embraces actions at law as well as equity cases, and the conjunction "or" connecting the words "the trial" and "final hearing" is used, as it often is, where it is sought to give an explanation or definition of the same thing in different words. Such must be the true construction of the law, for it is hardly probable that a distinction would be made between actions at law and equity causes, which would present a strange anomaly as suggested by Mr. Justice Swayne in Insurance Co. v. Dunn, 19 Wall. [86 U. S.] 225, that "in equity cases a final hearing only could take away the right of removal, while any trial, however interlocutory in its character, should have the same effect in an action at law." To avoid this the supreme judicial court of Massachusetts, in Galpin v. Critchlow [112 Mass. 339], construing the law of 1867, which used the language "before the final hearing or trial," said the "'trial' appropriately designates a trial by jury of an issue which will determine the facts in an action at law, and 'final hearing,' in contradistinction to hearings upon interlocutory matters, the hearing of the cause upon its merits by a judge sitting in equity."

The supreme judicial court of New Hampshire, in Whittier v. Hartford Ins. Co. [55 N. H. 141], agree to the judgment in the Massachusetts case, and consider the reasoning in that applicable to the law as it appears in section 639, par. 3. With great respect for these courts, I cannot agree to their interpretation of the statute. In equity practice the term "hearing" has a well defined meaning, viz: "that stage or proceedings in an equity cause which corresponds to a trial of a cause at law; the hearing of counsel upon the pleadings and proofs." The qualifying adjective "final" makes this "hearing" one that absolutely ends the matter in dispute, and is explanatory of the words "the trial." This case is certainly within the spirit of the law, and in my opinion within its letter. The motion to remand is denied. Motion denied.

NOTE. Subsequently another ground was taken before the circuit judge, on which to remand the cause, viz: that the Milwaukee & St. Paul Railway Company was a domestic corporation of Minnesota, but on examining the pleadings and the legislation of the state applicable to the question the court overruled the objection, referring to the case of Williams v. Mis-

souri. Kansas & Texas Railway Co. [Case No. 17.728]. and the cases there cited.

See Farmers' Loan & Trust Co. v. Maquillan [Id. 4,668].