KAIN (SPRAGUE v.). See Case No. 13,250.

## Case No. 7,596.

### KAIN v. TEXAS PAC. R. CO.

[3 Cent. Law J. 12;[1] 22 Int. Rev. Rec. 46.]

Circuit Court, E. D. Texas. Nov. Term, 1875.

MOTION TO REMAND—IRREGULARITIES IN PROCURING ORDER OF REMOVAL—SUFFICIENCY OF PETITION—DEFENCE ARISING UNDER LAW OF UNITED STATES — PRACTICE — WANT OF JURISDICTION, WHEN SHOWN—ACTS OF 1875 AND 1868.

1. Where a cause has been removed from a state court to the proper federal circuit court, the federal court will not. if it otherwise would have jurisdiction, remand the cause on account of erroneous steps in the mode in which the cause was removed; as where it was alleged that the petition to remove was not filed in time; that it was not sworn to by the person properly authorized, and that the bond was not signed by the defendant (a corporation), in its corporate capacity.

2. A petition which showed that the defendant was a corporation organized under certain acts of congress (naming them), and that it had "a defence to the plaintiff's action arising under and by virtue of a law of the United States," was held sufficient—especially where, in answer to the motion to remand, the defendant showed that its domicil and chief office were in another state. It is not required that the petition for removal should show the particular part of the constitution, or the particular act of congress, under which the defence exists, or that any averment be made as to how or in what manner the defence arises.

3. The court, in this case, was of opinion, on motion to remand, that it had jurisdiction of the parties and of the subject matter, but said that the want of jurisdiction might be shown at the trial—since the act of 1875 [18 Stat. 470], makes it the duty of the federal court to remand the cause, if at any time after removal a want of jurisdiction shall appear.

4. The act of 1875 relating to the removal of causes does not repeal that part of the act of 1868 [15 Stat. 227], upon the same subject which refers to corporations.

[On motion to remand to the state court.]

DUVAL, District Judge. Under the provisions of the act of congress of July 27, 1868, in connection with that of the 3d of March, 1875, regulating the removal of causes from state courts, the defendant has removed this cause from the district court of Harrison county in the state of Texas, to this court. The transcript of the record was filed here on the 19th October, 1875. The act of 1868 provides, in effect, that where a suit has been commenced in a state court, against any corporation, other than a banking corporation, organized under a law of the United States, for any alleged liability of such corporation, the same may be removed for trial, to the circuit court of the United States for the district where such suit is pending, upon the petition of the defendant; verified by oath, stating that such defendant has a defence arising under or by virtue of the constitution, or of any treaty or law of the United States. It appears from the record, that the suit was commenced in the district court of Harrison county, on the 10th May, 1875. On the 15th June, 1875, defendant filed its petition, praying the removal of the cause under the act of March 3, 1875, and giving bond therefor. It further appears that this motion to move was subsequently, by agreement of the parties, continued until the fall term of said court, without prejudice to either, and with leave to defendant to amend his motion or petition. The defendant did so amend on September 21, 1875, and alleged that it was a corporation created and organized under and by virtue of certain acts of congress of the United States, and that it had a defence to plaintiff's action arising under and by virtue of a law of the United States. This petition was sworn to by J. D. Davis, as solicitor of the defendant, and as authorized to appear and conduct suits for it in the state of Texas. A new bond for removal, under the amended petition, was given on the same day by defendant, and approved by the clerk of the state court. Thereupon the order of removal was granted by the judge of the state court. and entered of record, etc., and the transcript was filed here on the 19th October, 1875.

The plaintiff now files a motion to remand the cause to the district court of Harrison county, for the following reasons, viz.: 1st. Because the petition to remove was not filed within the time prescribed by law, and was not sworn to by any person properly authorized, and because the bond given was not signed by the defendant in its corporate capacity. or under its seal. etc. 2d. Because the defendant is not a corporation of the congress of the United States. but is a corporation of the state of Texas. having its domicil in said state, etc. 3d. Because said petition does not show what defence the defendant has arising under an act of congress, or in what

[1] [Reprinted from 3 Cent. Law J. 12, by permission.]

manner such defence could arise, etc. To this motion to remand, the defendant excepts and assigns several special grounds therefor, which it is not necessary to mention.

My opinion is, that the reasons set forth by the plaintiff in the first ground of his motion to remand this case, were matters properly addressed to the consideration and discretion of the state court. The judge there deemed that the petition for removal, the bond, etc., were made in compliance with the act of congress, and gave the order for removal accordingly. While I do not consider that the action of the state court, in allowing the removal, would absolutely preclude this court from enquiring into its legality, yet when the case has been removed, and it appears that this court has jurisdiction over it, I should be unwilling to remand it on account of defects, occurring in the state court, in matters preceding the order of removal, unless they were of a more serious and vital character than those pointed out in the motion now under consideration.

As to the second and third grounds of the motion. The affidavit made by defendant in the state court, alleges that it is a corporation created and organized under and by virtue of certain acts of congress of the United States, to wit, an act entitled an act to incorporate the Texas Pacific Railroad Company, approved March 3, 1871 [16 Stat. 573], and an act supplementary thereto approved June 22, 1874 [18 Stat. 197]; and that it has a defence to the plaintiff's action arising under, and by virtue of a law of the United States. And in the answer to the motion to remand, the defendant avers that its principal office and domicil are in the city of Philadelphia, in the state of Pennsylvania. When a corporation, other than a banking corporation, is sued in a state court, the act of congress of 1868, only requires for its removal to the proper circuit court of the United States, that it shall file a petition for that purpose, verified by oath, stating that such corporation has a defence arising under or by virtue of the constitution, or of any treaty or law of the United States. It is not required that the particular part of the constitution, or the particular act of congress under which the defence exists, shall be set forth, or any averment made as to how or in what manner the defence arises. In this case, the defendant has stated what the statute requires, and this, it seems to me, is sufficient.

I am of opinion that the defendant showed a proper case for removal, and that so far as the record, this motion and the answer thereto discloses, this court has jurisdiction both over the parties and the subject-matter. The want of such jurisdiction, however, may be shown upon the trial. The 5th section of the act of March 3, 1875, provides that in any suit removed from a state court to a circuit court of the United States, if it shall appear to the satisfaction of said circuit court at any time after such suit has been removed there-

to, that such suit does not really and substantially involve a dispute or controversy within its jurisdiction, the said court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed. In accordance with the power thus given, if it should appear on the trial of this case, that the court was without jurisdiction, it would become its duty, as soon as this was made apparent to its satisfaction, to instruct the jury that it had no jurisdiction, and to dismiss or remand the case as it might think proper. Fisk v. Union Pac. R. Co. [Case No. 4,827]; The Mayor v. Cooper, 6 Wall. [73 U. S.] 247, 254.

In considering this motion, I have regarded the act of 1868, as unaffected by the act of 1875, unless there be an actual conflict between them. Certainly there is no repeal of that provision of the act of 1868, which relates to corporations. The exceptions of defendant to the plaintiff's motion are sustained.