## THE BALTIMORE, PITTSBURGH AND CHICAGO R. W. CO. *v.* THE NEW ALBANY AND SALEM R. R. CO. ET AL.

PRACTICE.—*Removal of Cause to United States Court.—Affidavit.*—Under an act of Congress providing for the removal of causes in certain cases from state courts to the circuit court of the United States, and requiring, for that purpose, among other things, the making and filing of an affidavit in the state court by the party seeking the removal, " stating that he has reason to *and does* believe that, from prejudice or local influence, he will not be able to obtain justice in such state court," an affidavit in which the affiant stated, " that he has reason to believe," etc., omitting the words " and does," was held insufficient.

SAME.—*Repeal of Law.—Revised Statutes of United States.*—The act of Congress of March 2d, 1867, amendatory of the act of July 27th, 1866, " for the removal of causes in certain cases from state courts" (14 Stat. at Large, 558), was repealed by the Revised Statutes of the United States, approved June 22d, 1874.

From the Porter Circuit Court.

*C. Baker, O. B. Hord, A. W. Hendricks* and *S. J. Anthony,* for appellant.

Howk, J.—This was a proceeding commenced by appellant, a corporation of this State, in the court below, to condemn a right of way for appellant's railroad, across the railroad track of the appellee The New Albany & Salem Railroad Company, in Porter county.

The appellant was incorporated under the general laws of this State, providing for the incorporation of railroad companies; and this proceeding seems to have been instituted under the provisions of the thirteenth section of the act entitled, "An act to provide for the incorporation of railroad companies," approved May 11th, 1852. 1 Rev. Stat. 1876, p. 696, *et seq.*

In the instrument of appropriation, filed by appellant in the court below, it was stated that both of the appellees "have, or claim to have, some interest" in the railroad track, across which appellant sought to obtain a right of way. And in appellant's petition to the court below, for the appointment of appraisers to assess the damages caused by the appropriation, both of the appellees were made defendants thereto, and the property, across which the appellant was seeking a right of way, was described in the petition as "the track of The New Albany and Salem Railroad Company, now operated by the Michigan Central Railroad Company."

The appellees appeared to the petition in the court below, and filed joint objections to the appointment of appraisers; but the objections were overruled, and the appraisers were appointed. These appraisers returned their assessment of damages to the court, in which they awarded to the appellees one hundred dollars, as their damages. Appellant paid these damages to the clerk of the court, and then filed, as did also the appellee The Michigan Central Railroad Company, their separate exceptions to the assessment of damages. Before these exceptions were heard and determined by the

court, the appellee The Michigan Central Railroad Company presented to the court, in this cause, its petition, the affidavit of James F. Joy, who is described as its president, and its penal bond, with sureties, praying in said petition that this suit might be removed into the next Circuit Court of the United States, to be held in the District of Indiana, to which removal appellant at the time objected, on the ground of the insufficiency of the affidavit and petition, which objection was overruled by the court below, and to this ruling appellant at the time excepted. And thereupon, the record shows, the court below made the following order in this cause, viz.:

"And on due consideration, said bond is approved as due and sufficient surety for such removal, and it is ordered by the court that this suit be and it is hereby removed into the next Circuit Court of the United States, to be holden in the District of Indiana, and that no further proceedings be had therein in this court, the affidavit of said Joy having now, in the opinion of the court, been properly authenticated; to all of which the plaintiff now objects and excepts."

From this order of the court below appellant has appealed to this court, and, upon the record here, has assigned as error, that the court below erred in granting the application of the appellee The Michigan Central Railroad Company, for the removal of this cause for trial into the next Circuit Court of the United States for the District of Indiana, and in making the order for such removal of this cause into said last named court.

The proceedings for the removal of this cause from the court below into the United States Circuit Court for this district were instituted and had under the provisions of an act of Congress, approved March 2d, 1867, amending the act entitled, "An act for the removal of causes in certain cases from state courts," approved July 27th, 1866. This amendatory act of March 2d, 1867, provided, in substance, as follows: That where a suit was pending, or might there-

after be brought, in any state court, in which there was a controversy between a citizen of the state in which the suit was brought and a citizen of another state, and the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs, such citizen of another state, whether plaintiff or defendant, "if he will make and file, in such state court, an affidavit stating that he has reason to and does believe that, from prejudice or local influence, he will not be able to obtain justice in such state court," may at any time before the final hearing or trial of the suit, file a petition in such state court for the removal of such suit into the next United States Circuit Court for the district in which such suit is pending, and upon his offering good and sufficient surety for his doing certain things, specified in the act, it is made "the duty of the state court to accept the surety and proceed no further in the suit." 14 U. S. Stat. at Large, 558, and 2 Brightly's Dig. 116, sec. 17.

It will be seen, from the foregoing summary of the act of March 2d, 1867, that when a party sought to remove a suit from a state court into the next U. S. Circuit Court for the district, under the provisions of the act in question, his first step must be to make and file, in the state court, an affidavit containing the certain, clear and positive statement required by that act. In this case the appellee The Michigan Central Railroad Company filed in the court below an affidavit of its president. This affidavit was objected to by appellant as insufficient; the objection was overruled by the court, and to this ruling appellant excepted. The question, therefore, of the sufficiency of the affidavit is properly before us for decision. The material part of the affidavit filed is in these words:

"This affiant further says that he has reason to believe that from local influence said Michigan Central Railroad Company will not be able to obtain justice in said suit, in said Porter Circuit Court."

It will be seen, from the language quoted, that the affiant

has only sworn that "he has reason to believe," while the act of Congress, under which the affidavit was made, required that he should swear that "he has reason to and *does* believe." In our opinion, the affidavit filed was not sufficient, under the act of Congress referred to, to entitle the appellee The Michigan Central Railroad Company to the removal of this suit from the court below into the next U. S. Circuit Court for this district, or to justify the court below in making the order for such removal.

The proceedings for the removal of this cause from the court below were had in that court in December, 1874; and they were instituted and had, as before stated, under the act of Congress of March 2d, 1867, before cited. It is very clear now, although perhaps it was not so well known then, that the act of Congress under which these removal proceedings were had in the court below had been repealed for about six months prior to the order of that court for the removal of this cause. The Revised Statutes of the United States were approved June 22d, 1874, and embrace all the statutes of the United States, general and permanent in their nature, in force on the 1st day of December, 1873; and they expressly repeal all acts of Congress passed prior to the day last named, any portion of which is embraced in any section of said revision. Rev. Stat. U. S., 1091, secs. 5595 and 5596. A portion of the act of Congress of March 2d, 1867, is embraced in section 639 of said Revised Statutes, page 113, and, therefore, by the approval of the Revised Statutes, on June 22d, 1874, the act of Congress of March 2d, 1867, is expressly repealed. What bearing, if any, this repeal of the act referred to might have in this case, we need not and do not decide. All that we now decide is, that the affidavit made and filed in this cause, in the court below, was not sufficient in law to authorize that court to make an order for the removal of this cause from that court, into the next Circuit Court of the United States for the District of Indiana. The court below erred in overruling appellant's objec-

tion to that affidavit, and for that error the order of that court for such removal of this cause must be reversed.

The order of the court below is reversed, and the cause is remanded, with instructions to the court to sustain appellant's objection to the affidavit of James F. Joy, and for further proceedings.