## HOBBY *v.* ALLISON and others.*

(*Circuit Court, D. Michigan.* January 16, 1882.)

1. REMOVAL OF CAUSE—JUDICIARY ACT.

    The eleventh and twelfth sections of the judiciary act are to be read independently, and a removal may be had although the suit could not originally have been begun in the federal court; but no suit can be removed which might not, so far as the *constitutional* provisions are concerned, have been begun in the federal courts.

2. SAME—PREJUDICE AND LOCAL INFLUENCE ACT.

    It seems that the act of 1867 with regard to removals is still in force, and is not supplanted by the second section of the act of March 3, 1875.

3. SAME—RELATION OF STATUTORY ENACTMENT.

    The restriction in the eleventh section of the judiciary act does not apply to cases transferred under the act of 1867, and that act being designed to amend section 12 of the judiciary act, must be treated as independent of a subsequent act passed to supply the place of section 11.

4. RIGHT OF REMOVAL UNDER ACT OF 1867.

    The conditions of the power of removal under the act of 1867 are a diverse citizenship, a cause of action exceeding $500, an affidavit of prejudice or local influence, and a proper bond; and the restriction in the act of March 3, 1875, as to the assignee of a chose in action, does not apply.

On Motion to Remand.

This case was originally begun in the circuit court for the county of Saginaw, upon an account against the defendants, citizens of Michigan, in favor of Joseph P. Whittemore, also a citizen of Michigan, and by him assigned to the plaintiff, a citizen of New York. Before the term at which the case could first be tried, the plaintiff petitioned for a removal to the circuit court of the United States, under the act of 1867, upon the ground of prejudice and local influence. The usual transcript having been filed, defendants moved to remand upon the ground that the case could not have originally been commenced in this court under the first section of the act of 1875, the plaintiff being the assignee of such a contract as could not have been prosecuted in this court if no assignment had been made.

*Atkinson & Atkinson,* for plaintiff.

*H. M. Duffield,* for defendants.

BROWN, D. J. The only limitation to the jurisdiction of the circuit courts contained in article 3, § 2, of the constitution, is, so far as the question of limitation is pertinent here, that the suit shall be between citizens of different states; but in parceling out this

*Reported by Edwin Sweetser, Esq., of the Detroit bar.

jurisdiction in the judiciary act, congress restricted that of the circuit courts to cases at law or in equity between citizens of different states, involving more than $500 in amount, and further prohibited such suits altogether, when brought to recover upon any promissory note or other chose in action in favor of an assignee, unless a suit might have been prosecuted in such courts had no assignment been made, except in cases of foreign bills of exchange. The object of the restriction was evidently to prevent the federal courts being used in petty cases, where the expenses of trial might be much greater than the amount involved. The object of the prohibition was equally obvious, namely, to prevent the assignment of choses in action to non-residents for the purpose of enabling suits to be brought in the federal courts. In the interests of commerce, however, and to facilitate the negotiation of commercial paper, an exception was made in cases of foreign bills of exchange, since extended to all bills of exchange and promissory notes.

In the twelfth section, however, providing for the removal of cases from the state courts, upon the petition of a non-resident defendant, there was no necessity for providing against causes of action collusively assigned, as a resident defendant would, in almost every case, prefer to bring suit against a non-resident in the courts of his own state; and hence the only limitation upon such removals was that the suit should be between citizens of different states, and should involve over $500. Hence the courts, as a rule, hold that the eleventh and twelfth sections of the judiciary act were to be read independently, and that a removal might be had though the suit could not originally have been begun in the federal court, although it was obvious that no suit could be removed which might not, so far as the *constitutional* provisions were concerned, have been originally begun in one of those courts. *Green* v. *Custard*, 23 How. 484.

In *Bushell* v. *Kennedy*, 9 Wall. 387–393, it was said that "the restriction in the eleventh section is not found in the twelfth. Nor does the reason for the restriction exist. In the eleventh section its office was to prevent frauds upon the jurisdiction, and vexation of defendants, by assignments being made for the purpose of having suits brought in the name of assignees, but in reality for the benefit of assignors. In the twelfth it would have no office for the removal of suits could not operate as a fraud upon the jurisdiction, and was a privilege of defendants, and not a hardship upon them." *Ayres* v. *Western R. Co.* 45 N. Y. 260; *Winans* v. *McKean R. & Nav. Co.* 6 Blatchf. 215.

We now come to the act of 1867, under which the removal was made in this case. This statute confers upon the circuit courts no additional original jurisdiction. It made no amendment to the eleventh section of the judiciary act, and in that respect left it just where it found it. But in respect to removals it made a startling innovation. It provided that in all suits involving over $500, between a citizen of the state in which the suit was brought and a citizen of a different state, such citizen of another state, whether plaintiff or defendant, might remove, upon filing an affidavit of prejudice or local influence, at any time before the final hearing or trial. This practically defeated the wise restriction in the eleventh section of the judiciary act against actions in favor of assignees of choses in action, unless the assignor could have sued, and gave the non-resident plaintiff the right to begin suit upon such a cause of action in the state court, and then to abandon the forum thus voluntarily chosen, and remove the case to the federal court, by the simple filing of an affidavit, easy to make and impossible to disprove. There was, however, this much to be said in favor of the act: It was passed soon after the close of the civil war, and at the time when northern creditors began to press heavily for payment upon their *ante-bellum* debtors. There were undoubtedly strong prejudice and local influence against these suits, which might not be discovered by the non-resident plaintiff until some time after the suit was begun. It was a question, then, whether the plaintiff should be compelled to discontinue such suit and begin a new suit in the federal court, against which the statute of limitations might have run, or vest him with a power to remove to the federal courts. Congress chose the latter course, and it is not for the courts to question the wisdom of its choice. It has, however, undoubtedly been a strong temptation to resident creditors to assign their causes of action to non-resident plaintiffs, who could remove the case thus commenced to the federal courts, and thus evade this important provision, which had existed from the adoption of the constitution. The question still remains, however, whether, as a matter of legal construction, the plaintiff is not entitled, under the act of 1867, to remove this case to the federal court. It is true that the eleventh section of the judiciary act has since been somewhat enlarged by the act of 1875, § 1; but it has been generally held that the act of 1867, with regard to removals, is still in force, and is not supplanted by the second section of the act of 1875, and such I assume to be the law, without expressing my own opinion upon that point.

404 FEDERALFEDERAL REPORTER.

Upon reading the act of 1867, and the first section of the act of 1875, there seems to be but little liberty of choice. If the eleventh and twelfth sections of the judiciary act cannot be read together, there is greater reason for saying that an act designed to amend or supplant section 12 must be treated as independent of a subsequent act passed to supply the place of section 11; and such has been, I believe, the unanimous ruling of the courts.

In *City of Lexington* v. *Butler*, 14 Wall. 282, it was held that the restriction of the eleventh section of the judiciary act did not apply to cases transferred from state courts under the act of 1867. The first reason assigned by Mr. Justice Clifford for sustaining the jurisdiction in that case was that the bonds were made payable to bearer, and therefore not within the prohibition; *secondly*, that the principle applied in the case of *Bushnell* v. *Kennedy*, above cited, should also apply to the case then under consideration.

So, in *Gaines* v. *Fuentes*, 92 U. S. 10, 19, it was declared that the act of 1867 covered every possible case involving controversies between citizens of the state where the suit was brought, and citizens of other states, if the matter in dispute exceeded the sum of $500; and the fact that the suit would not originally have lain in the federal court, was no objection to such removal.

In *Johnson* v. *Monell*, 1 Woolw. 390, Mr. Justice Miller held that the only conditions of removablity under the act of 1867 were a diverse citizenship, a cause of action exceeding $500, an affidavit by the non-resident citizen of prejudice or local influence, and a proper bond. From the further position assumed in that case, that a citizen may change his residence, after suit commenced, to another state, and thus acquire the right to remove, it would appear the learned justice has receded. *Beede* v. *Cheeney*, 5 FED. REP. 388; *Kaeiser* v. *Railroad Co.* 6 FED. REP. 1. See, also, *Sands* v. *Smith*, 1 Dill. 290; *Barklay* v. *Levee Com'rs*, 1 Woods, 254.

These are the only cases to which my attention has been called under the act of 1867, and there appears to be no diversity of opinion. Whether the same rule would apply to a case removed under the second section of the act of 1875, I express no opinion. The authorities upon this point are by no means harmonious, and seem to me to present a somewhat different question. *Southworth* v. *Adams*, 4 FED. REP. 1; *Berger* v. *County Com'rs*, 5 FED. REP. 23.

The motion to remand must be denied.

## NOTE.

RIGHT OF REMOVAL. Under this section the parties must be of adverse citizenship. *Amer. Bible Soc.* v. *Grove,* 101 U. S. 610. This statute does not permit a citizen of the state in which suit is brought to make the application for removal, (*Aldrich* v. *Crouch,* 10 FED. REP. 305; *Babbitt* v. *Clark,* 103 U. S. 606; *Gurnee* v. *Brunswick Co.* 1 Hughes, 270; *Murray* v. *Holden,* 2 FED. REP. 740; *Forrest* v. *Keeler,* 17 Blatchf. 522; *Kerting* v. *Amer. Oleograph Co.* 10 FED. REP. 17;) but a non-resident plaintiff may remove a cause against a citizen of the state in which suit is brought and the citizen of another state, the latter of whom voluntarily appears, (*Akerly* v. *Vilas,* 2 Biss. 110; *Sands* v. *Smith,* 1 Dill. 290.) When defendant is a citizen of the state where suit is brought, plaintiffs cannot remove if one of them is a citizen of the same state, except where the controversy can be settled without the presence of the other plaintiffs. *Bliss* v. *Rawson,* 43 Ga. 181. See *Martin* v. *Coons,* 24 La. Ann. 169; and see *Bryant* v. *Scott,* 67 N. C. 391. Under this section intervenors may remove the cause. *In re Iowa & M. C. Co.* 10 FED. REP. 401. See *Burdick* v. *Peterson,* 6 FED. REP. 840. It is only under this section that a removal may be had at any time before a final hearing. *Johnson* v. *Johnson,* 13 FED. REP. 193.

AFFIDAVIT. The affidavit must be in substantial accordance with the words of the statute. *Balt. & O. R. Co.* v. *New Albany R. Co.* 53 Ind. 597. See *Bowen* v. *Chase,* 7 Blatchf. 255. It is not generally necessary to state the reasons or facts showing the local prejudice or influence. *Anon.* 1 Dill. 298; *Meadow V. Min. Co.* v. *Dodds,* 7 Nev. 143; *Quigley* v. *Cent. Pac. R. Co.* 11 Nev. 350. An affidavit "to the best of his knowledge and belief" is sufficient, (*Stoker* v. *Leavenworth,* 7 La. 390; *De Camp* v. *New Jersey M. L. Ins. Co.* 2 Sweeny, 481;) but that "plaintiff had reason to and does believe that from prejudice he will not be able to obtain justice in the state court," is not sufficient without facts showing the reasonableness of his belief, (*Sands* v. *Smith,* 1 Dill. 298; *Goodrich* v. *Hunton,* 29 La. Ann. 272.) The omission of the words "and does believe" is fatal. *Balt. & O. R. Co.* v. *New Albany R. Co.* 53 Ind. 597.

AFFIDAVIT—BY WHOM MAY BE MADE. It may be made by an agent or attorney, (*Dennis* v. *Alachua Co.* 3 Woods, 683; *Kain* v. *Tex. Pac. R. Co.* 3 Cent. Law J. 12; *contra, Miller* v. *Finn,* 1 Neb. 254,) as the authorized agent of a corporation, (*Ins. Co.* v. *Dunn,* 19 Wall. 214; *Farmers' L. & T. Co.* v. *Maquillan,* 3 Dall. 279; *Minnett* v. *M. & St. P. R. Co.,* 3 Dill. 460; *Mix* v. *Andes Ins. Co.* 74 N. Y. 53; but see *Cooke* v. *State Nat. Bank,* 52 N. Y. 96;) but if made on his belief alone it is insufficient, (*Cooper* v. *Condon,* 15 Kans. 572; *Tunstall* v. *Madison,* 30 La. Ann. 471; *Burlington, P. & C. R. Co.* v. *N. A. & S. R. Co.* 53 Ind. 597.) The reason why the party applying does not himself make the affidavit should be given. *Cooper* v. *Condon,* 15 Kans. 572. The affidavit of the secretary of a corporation must show that it is made at the instance or order of the corporation, (*Dodge* v. *N. W. U. Pkt. Co.* 13 Minn. 458,) and if made by an officer there must be proof that he was authorized to make it, (*Id.*; *Mahone* v. *M. & L. R. Co.* 111 Mass. 72; *Quigley* v. *Cent. Pac. R. Co.* 11 Nev.

350;) but the president or general manager of a railroad company is *prima facie*
authorized, (*Minnett* v. *M. & St. P. R. Co.* 3 Dill. 460.)

HOW TAKEN AND CERTIFIED. The affidavit must be taken and certified
in accordance with the laws of the state, (*Bowen* v. *Chase,* 7 Blatchf. 255,) and
be authenticated according to such laws, (*Id.; Florence* v. *Butler,* 9 Abb. Pr.
N. S. 63.) If taken out of the state it must be taken by a commissioner and
be certified to by the secretary of state. *Florence* v. *Butler,* 9 Abb. Pr. N. S.
63. The seal of the commissioner is presumed to be official. *Tunstall* v.
*Madison,* 30 La. Ann. 471. Objections to the certification may be waived by
the adverse party, (*Bowen* v. *Chase,* 7 Blatchf. 255; (and a failure to object will
be deemed such waiver, (*Mix* v. *Andes Ins. Co.* 74 N. Y. 53.) When filed it
cannot be contradicted or controverted. *Stewart* v. *Mordecais,* 40 Ga. 1.—[ED.