GEORGE BLISS & COMPANY et al., plaintiffs in error, vs. ANNIE E. RAWSON, administratrix, defendant in error.

Where several citizens and residents of the State of New York, with a citizen and resident of Georgia, filed a bill in equity, in one of the Courts of this State, against a citizen of Georgia, who was an administratrix of an intestate's estate, charging a mal-administration, and praying the Court to direct the administration and cause the assets to be paid out in their order, according to the claims against them; and an order was taken on the motion of the complainants, making all the creditors parties plaintiff to the bill, and directing them to bring in their claims, and the administratrix answered the bill, setting up, among other things, that the estate was insolvent, the claims intricate and conflicting, and praying a marshaling of the assets, and, on her

motion, the creditors were restrained from bringing separate suits, and required to await the marshaling prayed for; and the non-resident plaintiffs moved, under the Act of Congress of 1867, and the Acts of which it is amendatory, to remove their cause to the Circuit Court of the United States for the District of Georgia:

*Held,* 1. That the case made in the record is one in which the rights of the non-resident plaintiffs, in their controversy with the defendant, cannot be adjudicated without the presence of the complainants, who are resident citizens of Georgia.

2. The Acts of Congress for the removal of causes from the State Courts to the Circuit Courts of the United States, do not provide for the removal of a cause, by one of several non-resident plaintiffs, who is a co-plaintiff with citizens of Georgia, except in cases where the controversy between the non-resident plaintiffs and the defendant can be settled without the presence of plaintiffs who are resident citizens of this State. WARNER, Judge, dissenting.

Removal of causes to United States Courts. Before Judge CLARK. Dougherty Superior Court. September Term, 1870.

George Bliss & Company, and other resident creditors of Rawson, deceased, with Trowbridge, Dwight & Company, his non-resident creditors, filed their bill against Mrs. Annie E. Rawson, as administratrix of her deceased husband, charging that she had had set apart to her, as her year's support, an excessive sum, and was doing other specified things, contrary to her duty, as administratrix, and detrimental to the interests of said creditors. And they prayed that all the creditors should become complainants in said bill, and have the assets marshaled, etc. The Court ordered all the creditors to come in and present their claims and have them adjusted according to equity.

Mrs. Rawson filed her answer, and in it set up a cross-bill against all the creditors, charging that she was entitled to said year's support, to dower, and to an homestead. She showed that said estate was insolvent, that the claims against it were conflicting and intricate, and also prayed for a marshaling of said assets. She also prayed that all the creditors be enjoined from suing on their claims and be required to await the said marshaling of the assets. This injunction was granted.

Then came Trowbridge, Dwight & Company, and, complying with the requisitions of the Acts of Congress, moved to remove the cause, as to themselves, into the United States Circuit Court. The Court refused to remove it, and that is assigned as error.

HINES & HOBBS; VASON & DAVIS, for plaintiffs in error.

WRIGHT & WARREN, for defendant.

McCAY, Judge.

1. If this case can be removed to the Circuit Court of the United States, it must be by the Act of Congress of 1867: Brightly's Digest. The Act of 1789 and the Act of 1866 apply, in terms, only to *defendants:* Brightly's Digest. Under the Act of 1789, the Courts uniformly held that one of several defendants could not remove the suit. If there were more than one *real* defendant, and all were non-residents of the State, then all must join in the motion. If there was one of the defendants resident of the State in the Courts of which the suit was pending, the case was not removable at all, since the resident defendant could not remove his suit, and the Act directed the State Court to proceed no further with the suit.

By the Act of 1866, it was enacted that one of several defendants might move his suit, provided the Federal Court could adjudge the controversy between him and the plaintiff without the presence of the other defendants. And the Act expressly provided that the State Court should not, by the effect of the removal, be stopped from proceeding against the other defendants: Act of 1866, Brightly's Digest. And this *restriction* of the right of one of several defendants to remove was not because of the *policy* of the matter, but because it would have been unconstitutional to carry before the United States Courts an ordinary controversy between citizens of the same State: Constitution United States, Article III.

As to *plaintiffs,* there is no express authority for one of

Bliss & Company *vs.* Rawson.

several plaintiffs, who is joined as plaintiff with other plaintiffs resident citizens of the State in which the suit is brought, to move his case at all. The Act of 1867 says *any plaintiff* or *any defendant.* The Act of 1789 had said *a defendant,* and the Courts had held that this meant, not one of several defendants, but the party—the whole defendant.

It is hard to see why the words should receive one construction in the Act of 1789 and another in the Act of 1867. The constitutional inability of the United States Courts to determine a controversy between citizens of the same State, is just as clear in the case of plaintiffs as defendants; and the Act of 1867 contains the same prohibition against the State Court going on with *the suit* as was in the Act of 1789, a prohibition, which was not in the Act of 1866, since the latter Act providing for the case of *one* of several defendants, has directly the contrary provision.

2. But admitting that it was the object of the Act of 1867 to permit one plaintiff to remove his suit, when there were co-plaintiffs, citizens of the State in which the suit is pending, it is very clear to me, that his right must be restrained by the qualification that his controversy with the plaintiff must be of such a character as that it can be determined without the presence of his co-plaintiffs who are citizens of Georgia. And this, for the obvious reason that the Courts of the United States have no jurisdiction, except in special cases, of controversies between citizens of the same State.

The only real question, therefore, in this case is, whether the dispute, as it is made by the record in this case, between Trowbridge, Dwight & Company and Mrs. Rawson, can be settled without the presence of the co-plaintiffs, who are citizens of this State. Trowbridge, Dwight & Company did not so think when they filed their bill; since, they made three Georgia citizens co-plaintiffs with themselves. The controversy necessarily involves the question—What are the rights of Tift, Cruger and others against Mrs. Rawson? It involves the marshaling of the assets of the estate, and the settlement of the disputes of the various creditors with each other, and

Bliss & Company vs. Rawson.

with Mrs. Rawson, as administratrix and as an individual. It is, in fact, impossible to grant the prayer of this bill, without deciding the *preferences* between Cruger and Tift, and the *validity* of their claims *against the estate of Rawson*. We do not well see, either, how the Circuit Court of the United States can decide upon the validity of the award of the commissioners, nor how it can direct the administration. These parties have sought our forum, they have joined with citizens of this State in a suit, they have forced, by their motion, various other citizens of Georgia to come into the controversy as co-plaintiffs with themselves, and we think it accords neither with the letter nor spirit of the Acts of Congress, to permit them to withdraw their suit into another jurisdiction, leaving behind them those whom they have themselves put into litigation with each other and Mrs. Rawson.

Judgment affirmed.

LOCHRANE, C. J., concurred, but furnished no opinion.

WARNER, Judge, dissenting.

Trowbridge, Dwight & Company, with other creditors residing in this State, filed a bill against the administratrix of C. W. Rawson, deceased, to marshal the assets of that estate, Trowbridge, Dwight & Company claiming to be mortgage creditors of the intestate. Mrs. Rawson, the administratrix, filed her answer in the nature of a cross-bill, claiming dower, one year's support for herself, and a homestead for her children, out of the intestate's estate, and obtained an injunction against the complainants in the original bill. Trowbridge, Dwight & Company filed their petition, as *non-resident* creditors, to remove the suit from the State Court to the Circuit Court of the United States, under the provisions of the Acts of Congress, of 1866 and 1867. In my judgment, the Court below should have granted the order for the removal of the suit, as was held by this Court in *Stewart & Cutts vs. Mordecai*, 40th Georgia Reports, 1.