### No. 3323.—MARTIN, COBB & CO. *v.* TEMPLE S. COONS.

The act of Congress of March 2, 1867, which authorizes the removal of a cause from a State court to the Circuit Court of the United States under certain circumstances does not change the law regulating the jurisdiction of the Federal Court, as to persons. A removal of a cause to the Circuit Court of the United States cannot therefore be allowed if the record fails to show that as to persons, the Federal Court can exercise no jurisdiction.

An application for a removal based on the allegations of an intervenor alone, that he is not a resident of the State, is not sufficient to authorize the change, if the record shows that the plaintiffs in the action are residents of the State. Moreover the application will not be granted, if the intervenor merely avers that he is, at the time of the filing of his intervention, a resident of another State. It results then that in such a case the intervenor must allege and show affirmatively that he and the plaintiffs were both residents of another State than that of the defendant at the time suit was brought.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough, J. Sparrow & Montgomery*, for plaintiffs. *J. C. Peale*, for defendant. *Farrar & Reeves*, for intervenor.

HOWE, J. The plaintiffs T. J. Martin, Daniel Cobb, John D. Cobb, and John Dolhonde, alleging that they composed " the commercial firm of Martin, Cobb & Co., domiciliated and doing business in the city of New Orleans," brought suit against the defendant Coons, a

resident of Madison parish, Louisiana, to recover the sum of $21,770 49 on a promissory note.

Various defenses were made, including a demand in reconvention against plaintiffs for the sum of $7821 02, and a further demand for the sum of $36,000.

The cause was tried by a jury, who rendered a verdict in favor of defendant as to the claim of the plaintiffs, but rejecting the reconventional demands. The judge *a quo* thereupon granted a new trial.

Up to this stage of the case it is plain that the controversy was one which belonged to a State court, and of which the Federal tribunals in Louisiana could have no jurisdiction, either by reason of person or subject matter. But T. J. Martin, one of the plaintiffs, desiring to remove the cause to the United States Circuit Court, presented an affidavit in the court *a qua*, the portions of which necessary to be noticed, are as follows:

"That your petitioner is the sole owner of the claims or debts upon which this suit is founded; that said firm (of plaintiffs) has been dissolved, and the said demands have been handed over by said firm to your petitioner, who has the exclusive control thereof and the sole right to collect the same.

"That your petitioner resided out of the State of Louisiana, to wit, in the State of Kentucky, and he avers that he has reason to and does believe that from prejudice and local influence in this parish he will not be able to obtain justice in this court, and that he is desirous of removing this suit to the Circuit Court of the United States."    *    *

Upon these and the other and formal allegations of the affidavit, the judge *a quo* made an order of removal, from which the defendants have appealed.

The proceedings by mandamus to compel this appeal are reported in State ex rel. Coons *v.* The Judge, etc., 23 An. 29.

We think the judge *a quo* erred in granting the order of removal. In the first place the statute of March 2, 1867, does not make any change in the jurisdiction of the Federal court as to persons. It is still required that the plaintiff should be a citizen of one State and the defendant of another. And it is well settled that this means that all the plaintiffs should be citizens of a State different from that of the defendant. Brightley's Fed. Dig., 125, 126, 127; Smith *v.* Rives, 2 Sumner, 338; Wilson *v.* Blodget, 4 McLean 363; Hubbard *v.* Northern Railroad Co., 25 Vermont, 715.

It is not pretended that all the plaintiffs in this case are citizens of some State other than Louisiana, and it would seem therefore that the plaintiff, Martin, alone, has no right to remove the cause to the United States Circuit Court, even if he himself were properly alleged to be a citizen of Kentucky. Hubbard *v.* Northern Railroad Co., 3 Blatch-

ford's C. C., 84; Beardsley *v.* Torrey, 4 Wash. C. C. 286; *in re* Turner, 3 Wallace Jr., C. C. —.

But Martin does not allege himself to be a citizen of any State other than Louisiana. He says he "resided" in Kentucky. Passing over the manifest fact that this allegation is entirely consistent with his having been a citizen of Louisiana when this suit was begun, and ever since—for it may merely mean that he resided in Kentucky in the year 1840—it is inadequate, under the most favorable construction, to remove the cause. An application for removal must show that the petitioner therefor is a citizen of another State; an averment that he is a resident is not sufficient. Parker *v.* Overman, 18 Howard 137.

Moreover, it does not even appear by the record or affidavit that the defendant Coons is a citizen of Louisiana. For any thing that appears to the contrary, he may be a citizen of Kentucky.

It might also be a matter of interest to inquire if it were necessary, what is to become of the large reconventional demand of defendant against all the plaintiffs? Is Coons to be deprived of the right to urge this demand against the Cobbs and Dolhonde, because Martin "resided" in Kentucky and distrusts the sense of justice of the people of Madison parish?

For these reasons, let the order appealed from be reversed and annulled at the costs of appellee.