## Case No. 9,525.

MICHENER v. PAYSON.

[See Case No. 9,524.]

MICHENOR v. PAYSON. See Case No. 9,524.

MICHIGAN AIR LINE R. CO. (OSBORN v.). See Case No. 10,594.

## Case No. 9,526.

MICHIGAN CENTRAL R. CO. v. ANDES INS. CO.

[9 Chi. Leg. News, 34; 22 Int. Rev. Rec. 369.]

Circuit Court, S. D. Ohio. 1876.

REMOVAL OF CAUSES — TERM AT WHICH CAUSE COULD HAVE BEEN TRIED—PLEA IN BAR —ISSUE COMPLETE.

Where, in an action upon a policy of fire insurance, the defendant pleads the condition thereof, limiting the time within which suit must be brought. in bar, a reply becomes necessary to render the issue complete and the case ready for trial, and until the issue be thus completed, no term can be held to have passed at which the cause could have been tried, within the meaning of the 3d section of the act of congress, approved March 3, 1875 [18 Stat. 470], where the application for the removal is made by the party not in default for the completion of the issue, and such application is in time, and the cause removed under the act referred to.

[Approved in Whitehouse v. Continental Fire Ins. Co., 2 Fed. 499.]

At law.

Mathews, Ramsey & Mathews, for the motion.

Moulton, Johnson & Levy; opposed.

SWING, District Judge. The plaintiff is a corporation existing under the laws of Michigan, and on the 4th day of October, 1873, filed its petition in the superior court of Cincinnati, to recover the sum of $13,513.41 from defendant—an Ohio corporation—for certain losses by fire insured against under the latter's policies. The petition is in the ordinary form, and contains the usual averments of compliance with all conditions of the policies, following, in this particular, the requirements of the Ohio Code. The defendant in due time answered, pleading the limitation, or year clause, so called, of the policy, which provides, in substance, that suit shall be commenced within twelve months from the occurrence of the loss, otherwise that the claim would be barred. No reply was filed to this answer, or action of any kind taken by plaintiff in regard to it, and on the 10th day of February, 1876, the defendant petitioned the state court in due form, accompanied by a proper bond, for the removal of the cause to this court, under the act of congress, approved March 3, 1875, and the transcript was regularly filed herein at the April, 1876, term, as required by that act. The plaintiff now moves to dismiss the cause for want of jurisdiction, and to remand it to the state court. No question is made or raised as to the citizenship of parties, the amount involved, the nature of the controversy or suit, or to the formalities necessary to remove the cause. All these are considered to be sufficient and regular. But it is claimed that the application for removal was not made in time to the state court; in other words, that it was not made at or before the term at which the cause could have been first tried after the passage of the act above mentioned, plaintiff

contending that the case was at issue and ready for trial at, and long before, such passage, while the defendant maintains that the issue was, and is, incomplete for want of a reply to its answer, and that no trial could or can properly occur until such reply be filed, and that the general averment in the petition of performance of all conditions of the policy relates—as expressly provided by the Ohio Code—only to conditions precedent, and does not apply to or cover conditions subsequent, or such as are required to be pleaded specially in order to be made available as a defense, and that the plea of the year clause or limitation, set up in defendant's answer, is of this character. The pleadings under the Ohio Code, other than motions and demurrers, are limited to a petition, answer, and reply.

The question, therefore, for the determination of the court is: Was the application for removal of the cause made in time? It, was not made at the first term after the passage of the law of March 3d, 1875, and if at that term the cause could have been tried, the application for removal was too late, and whether the cause could have been tried at that term depends upon the answer to the question whether it was then at issue. Without entering into an extended discussion of the general doctrine of pleading, we are of the opinion that the answer of the defendant setting up the limitation as provided in the policy, required of the plaintiff a reply. That reply not having been filed, the cause was not at issue, and could not have been tried at any term before the passage of the law in question, and before the term at which the application for removal was made. Scott v. Clinton & S. R. Co. [Case No. 12,527]. The motion to remand is therefore overruled.