THE C., B. & Q. R. Co. v. WELCH.

1. **Jurisdiction:** REMOVAL OF CAUSE. An application for the removal of a cause to the Federal Court, on the ground of the citizenship of the parties, should be made before or at the term at which the cause is first triable under the law, whether the parties are ready to try it or not.

*Appeal from Page Circuit Court.*

WEDNESDAY, DECEMBER 6.

THIS action was brought to the December Term, 1875, the petition having been filed October 26, 1875. The defendant answered December 7, 1875. On the 16th of June, 1876, and after two terms of court had been held, the plaintiff filed a petition for the removal of the cause to the Circuit Court of the United States, and averred in its petition as follows:

"Petitioner says that this cause of action could not be tried at either of terms of court at which the same has been pending for the reason that it has been the expectation of both parties to the said suit that the same would be amicably settled, and negotiations have been pending continually from and during the term of court next ensuing after the completion of service of the original notice in said cause up to the present term of this court, and that the first notice that plaintiff had of the abandonment of said negotiations for settlement, by the defendant, was received by plaintiff a few days prior to the present term of court. Plaintiff states that but for the said expectation of settlement, and the said negotiations for compromise, that a petition for transferring said cause would have been made at the term of this court next ensuing the completion of the service of the original notice."

The court below granted the petition and ordered a removal. From that order the defendant appeals.

*Morseman & Clark*, for appellant.

*Hepburn & Thummel*, for appellee.

ADAMS, J.—Section 3 of the Act of Congress, approved March 3d, 1875, provides that the application for removal should be made before or at the term at which the cause could be first tried. In this case the application was made at the third term after the commencement of the action. But it is claimed by the appellee that the cause could not have been tried earlier, because of the pending of negotiations for a compromise. It is said that the cause could not have been tried because the will of the parties was asserted in opposition to such trial. In one sense this is true; but not we think within the meaning of the statute. Whenever a cause is continued it is either by agreement of parties or by order of court. In the sense in which the appellee construes the statute, it might be said that a cause could not be tried at a term at which it is continued. But such construction would virtually nullify the provision in question. The design of the statute evidently was to secure the speedy administration of

*(margin note: 1. JURISDICTION: removal of cause.)*

justice   The removal of a cause may involve delay.   If the applicant waits until the term at which it is ready for trial, the removal is certain to involve delay.   We think, therefore, that the application for removal should be made before or at the term at which the cause is first triable under the law, whether the parties are ready to try it or not.   It imposes no hardship to require that the application should be made thus early.   In no other way can be secured what seems to us to be the object of the statute.   The construction contended for by the appellee, would involve an inquiry into a very embarrassing question of fact.   The construction we adopt is the one adopted by at least some of the Circuit Courts of the United States, and we know of no decision of any court of the United States to the contrary.   Buskirk's Indiana Practice, 459.   We think that the court below erred in ordering the removal.

REVERSED.