HUDDLESTONE (UNDERWOOD v.). See Cases Nos. 14,339 and 14,340.

# Case No. 6,826.

## HUDDY v. HAVENS.

[4 Wkly. Notes Cas. 20; 5 Cent. Law J. 66; [1] 1 Month. Jur. 167.]

Circuit Court, E. D. Pennsylvania. April 21, 1877.

### REMOVAL OF CAUSE—TIME OF REMOVAL.

[Under the judiciary act of 1875 (18 Stat. 470), a cause must be removed before or at the first term at which it is at issue and legally triable, and the fact that it is not then actually tried, because the parties fail to put it upon the trial list, does not preserve the right of removal until a subsequent term.]

Petition by the plaintiff to remand a suit of covenant brought in common pleas court No. 2 to the June term, 1875. The cause was at issue in June, 1876, but was not ordered upon the trial list until some time in December, 1876, when it was ordered upon that list by the defendant. The cause appeared on the trial list of common pleas court No. 2, published in February, 1877. After the publication of this list, a rule for removal was taken by the defendant, and refused by the court. 3 Wkly. Notes Cas. 432. The defendant then filed a certified copy of the record in this court, whereupon the above petition to remand was filed.

Mr. Sutton, for the petition, was not called upon.

Mr. Harrington and S. C. Perkins, contra.

Before McKENNAN, Circuit Judge, and CADWALADER, District Judge.

McKENNAN, Circuit Judge, said that the cause must be remanded at the cost of the defendant. This subject was not a new one to the court, but careful consideration had

been given to this act of congress of March 3, 1875, and the conclusion arrived at was well expressed by the language of Judge Dillon (Removal of Causes, 2 South. Law Rev. N. S. 311): "The act of 1875 requires the petition in the state court to be made and filed therein before or at the term at which such cause could be first tried, and before the trial thereof. The word term, as here used, means according to the construction which it has received in the 8th judicial circuit, the term at which, under the legislation of the state and the rules of practice pursuant thereto, the cause is first triable, i. e., subject to be tried on its merits, not necessarily the term when owing to press of business or arrearages it may be first reached, in its order for actual trial. * * * It was the obvious purpose of congress, by the use of the words 'before or at, etc., the term at which the cause could be first tried,' to require the election to be taken at the first term, at which, under the law, the cause was triable on its merits."

The view expressed by Dillon, Circuit Judge, is concurred in by this court, as most reasonably carrying out the legislation of congress. Now the present cause was at issue in the June term of the common pleas court (not to consider the question whether or not the cause could not legally have been tried in 1875, by the defendant ruling the plaintiff to plead). There are no jury trials in that term, but there are in the September term following. It is argued by the defendant that, as the case was not ordered down upon the trial list till the December term, the cause could not have been tried till that term. In the opinion of this court, however, the cause could have been tried (in the sense in which the words are used in the act of congress) at latest in the September term. Either party could have expedited the cause by ordering it on the trial list. A case of this kind arose at Pittsburgh, in the Western district of Pennsylvania, and was decided in the same way.

It is urged further that by the practice and rules of the court the cause could not possibly have been even put on the trial list in September. It does not appear, however, that the cause was legally incapable of having been tried at that term. The president judge of that court (Hare, P. J.) disposes of the question in concise and emphatic language: "The next term under the act of March 3, 1875, c. 137, § 3 (18 Stat. 471), means the next term at which the case could legally be tried, not actually. If, owing to the crowded state of the docket, a case could not be reached till the third term after it was at issue, a petition to remove it then is too late." Huddy v. Havens, 3 Wkly. Notes Cas. 432. Apart from the fact that the common pleas has impliedly stated that the cause could legally have been tried before the term in which it was removed, it is a much wiser rule to proceed by the record, which shows that this cause was at issue, and therefore

---

[1] [5 Cent. Law J. 66, contains only a partial report.]

legally triable, in the June term, 1876, than to adopt a rule which would require the court to take testimony in every case to ascertain whether the cause was removable or not.

Cause remanded, the costs to be paid by the defendants.

See Dunham v. Baird [Case No. 4,147].