INHABITANTS OF SCHOOL DISTRICT No. 6 IN DRESDEN *vs.* ÆTNA INSURANCE COMPANY.

Lincoln, 1876.—May 31, 1877.

*Abatement.  Trial.*

It is the settled law of this state that the non-existence of a plaintiff corporation can only be taken advantage of by plea in abatement; it cannot be set up as a ground of defense by a brief statement filed with a plea in bar, nor can it be given in evidence under the general issue.

In this state a petition for the removal of a cause from the supreme judicial court to the circuit court of the United States, for any of the causes mentioned in the act of congress of March 3, 1875, must be filed at the first term, or it will be too late, and must be rejected.

ON EXCEPTIONS, at the October term, 1875.

DEBT, on a judgment. The writ is dated March 23, 1875. The action was entered at the April term, thereafter, at which term the defendant company, on the second day thereof, filed a plea in abatement, to which the plaintiffs on the thirteenth day of the term filed a demurrer, which the defendants joined. The court sustained the demurrer and the defendants alleged exceptions. The law court subsequently overruled the exceptions and awarded *respondeas ouster.*

On the first day of the present October term, 1875 and on the first call of the docket, the defendants filed their petition for the removal of the case to the circuit court of the United States, and also at the same time filed their bond with sureties.

The presiding justice was of the opinion that this is not the first term at which the action could have been tried, and therefore denied the petition and required the defendants to plead further in this

court; and the defendant on the third day of the term alleged exceptions, and thereafter pleaded the general issue, with a brief statement of the non-existence of the corporation.

The counsel prosecuting the case against the defendants, having filed a replication of plaintiffs to the defendants' plea of general issue, moved that the court order the brief statement of the defendants be stricken out and disregarded; and. the court so ordered. He then offered in evidence the record of the judgment declared on in the writ.

The defendants' counsel offered to produce evidence to support the allegations and matter contained in the defendants' brief statement ; but the court ruled that the evidence was inadmissible, the brief statement having been stricken out by order of the court, and excluded the evidence offered.

The parties consenting that the presiding judge might pass upon the case without the intervention of the jury, reserving to either party the right of exceptions, the judge on the third day of. the term ordered an entry of judgment for the plaintiffs for the amount of the judgment sued on, with legal interest and costs of court. And the defendants alleged exceptions.

*W. Hubbard*, for the defendants.

*A. P. Gould & J. E. Moore*, for the plaintiffs.

WALTON, J. It is the settled law of this state that the non-existence of a plaintiff corporation can only be taken advantage of by plea in abatement. It cannot be set up as a ground of defense by a brief statement filed with a plea in bar, nor can it be given in evidence under the general issue. We are aware that a different rule prevails in some of the states, but that is no reason for disregarding our own rule. Such a defense, if made at all, should be made promptly. By holding that it can only be made by plea in abatement, and within the time allowed for filing such pleas, (which is the first two days of the first term,) this promptitude is secured. The rule is therefore a good one, and should not be departed from. *Trustees* v. *Kendrick*, 12 Maine, 381. *Penobscot Boom Corporation* v. *Lamson*, 16 Maine, 224. *Savage Man. Co.* v. *Armstrong*, 17 Maine, 34. *Brown* v. *Nourse*, 55 Maine, 230.

A petition for the removal of a cause from the supreme judicial court of this state to the circuit court of the United States, for any of the causes mentioned in the act of Congress of March 3, 1875, must be filed "before or at the term at which said cause could be first tried, and before the trial thereof," or it will be *too* late and must be rejected. Such is the express language of the statute. In this state an action can be tried in the supreme judicial court at the first term, provided the writ has then been fully served and all the parties to the suit are legally before the court. True, it is not usual to try actions at the first term, but there is no law or rule of court now in force to prevent it. They can be then tried and that is sufficient under the act of congress above cited, to render a petition, filed at a subsequent term, too late to be effectual.

Our attention has been called to a recent decision of Judge Ballard of the circuit court of the United States for the district of Kentucky, published in the Chicago Legal News of May 19, 1877, in which he holds that the act of Congress of March 3, 1875, does not repeal sub-division 3 of section 639 of the Revised Statutes of the United States, and that, by virtue of said sub-division 3, a cause may still be removed to the circuit court of the United States at any time before a final trial is had, provided the petitioner makes affidavit of "prejudice or local influence." This may be true. But the petition for removal in this case is not based upon sub-division 3 of section 639 of the Revised Statutes of the United States, and the petitioner did not make the affidavit therein provided for. The petition was in substance and in terms based upon the provisions of the act of March 3, 1875, and, as such, was, as already stated, filed too late to be effectual.

We discover no error in the rulings excepted to. The brief statement setting up the alleged non-existence of school district No. 6, in Dresden, was properly struck out and disregarded, for the reason that such a defense can only be made by plea in abatement. The petition for the removal of the cause was properly denied for the reason that it was not seasonably filed.

*Exceptions overruled.*

APPLETON, C. J., VIRGIN, PETERS and LIBBEY, JJ., concurred.