TALYOR (READY ROOFING CO. v.). See Case No. 11,613.

TAYLOR (RICE v.). See Case No. 11,755.

TAYLOR (ROBACK v.). See Case No. 11,-877.

———

## Case No. 13,802.

TAYLOR et al. v. ROCKEFELLER et al.

[35 Leg. Int. 284; 18 Am. Law Reg. (N. S.) 298; 7 Cent. Law J. 349; 7 N. Y. Wkly. Dig. 3; 6 Reporter, 226; 6 Wkly. Notes Cas. 283; 25 Pittsb. Leg. J. 182; 24 Int. Rev. Rec. 245.] [1]

Circuit Court, W. D. Pennsylvania. June 17, 1878.

REMOVAL OF CAUSES—FILING PETITION AND BOND—POWER TO DETERMINE WHETHER A CAUSE IS REMOVABLE — CITIZENSHIP.

1. In an application for removal of a cause from a state to a federal court the petition and bond must be filed "before or at the term at which the cause could be first tried and before the trial thereof."

2. It is the federal court and not the state court that has the power to adjudge whether the case is a proper one for removal under the act of congress.

[Cited in Dennis v. Alachua County, Case No. 3,791; Cruikshank v. Fourth Nat. Bank, 16 Fed. 889.]

3. Under the act of 1875 [18 Stat. 470], although some of the formal or nominal plaintiffs and defendants may be citizens of the same

———

[1] [Reprinted from 35 Leg. Int. 284, by permission. 7 N. Y. Wkly. Dig. 3, and 6 Reporter, 226, contain only partial reports.]

state, still if it is shown that it is a controversy wholly between citizens of different states, and can be fully determined as between them, then it is a cause that can be removed to the federal court.

> [Followed in Arthur v. New England Mut. Life Ins. Co., Case No. 565. Cited in Chester v. Wellford, Id. 2,662. Approved in Sheldon v. Keokuk N. L. P. Co., 1 Fed. 797. Cited in Buckman v. Palisade Land Co., Id. 369; Ruckman v. Ruckman, Id. 590. Approved in Bybee v. Hawkett, 5 Fed. 8.]
>
> [Cited in brief in Amy v. Manning, 144 Mass. 153, 10 N. E. 738. Cited in Dunn v. Burlington, C. R. & N. R. Co., 35 Minn. 83, 27 N. W. 453. Cited in brief in Sharp v. Gutcher, 74 Ind. 364.]

[Motion to remand suit to state court.

[The bill in this case was originally filed in the common pleas of Butler county, to March term, 1878, on February 8, 1878. It charged that the plaintiffs, together with one Vandegrift and one Foreman, sold to the defendants an undivided one half interest in certain oil property, and entered into partnership with them for the purchase and operation of oil territory and the produce and sale of petroleum; that at the time of the partnership a written instrument, an exhibit made part of the bill, was entered into by certain trustees, parties of the first part, the plaintiffs and others of the second, and Rockefeller and Flagler of the third; the action of Rockefeller and Flagler being afterwards confirmed by the other defendants. This agreement provided for the manner of holding the land, and for dissolution of partnership; by it the trustees were created managers at a compensation, the profits and proceeds of sales to be divided and given, one half to Flagler for the parties of the second part, one half to Flagler for the parties of the third part. A motion for a receiver was immediately made, and a time fixed for hearing the motion. On the 18th the defendants entered an appearance, and on the 21st filed a joint answer under oath. On the 25th the court appointed a receiver. On the 5th of March Rockefeller and Flagler filed a petition for removal to the United States circuit court, setting forth that they were citizens of Ohio; that some of their co-defendants were citizens of New York and some of Pennsylvania; that the plaintiffs were citizens of Pennsylvania and New York; that the controversy was wholly between citizens of different states, and could be determined between the plaintiffs and the petitioners without the presence of the other defendants; that they believed from prejudice and local influence they would not obtain justice, etc. The petition was accompanied by the bond required by the act. After argument the court denied the prayer of the petition. The defence nevertheless removed the case.] [2]

George Shiras, Jr., M. W. Acheson and John M. Miller, for the motion.

---

2 [From 6 Reporter, 226.]

Rufus P. Ranney, McJunkin & Campbell, Robert Woods, D. T. Watson and Hampton & Dalzell, contra.

STRONG, Circuit Justice. Three reasons are assigned in support of the motion to remand this case to the state court. They are as follows: First, that the application to remove the case into this court was not made in time. Secondly, that if the application was in time the record discloses that the state court, in the due and orderly exercise of its own jurisdiction, has adjudged that the record and petition did not exhibit a case proper for removal under the acts of congress, and has refused to part with its jurisdiction. And thirdly, that the record clearly shows this court can have no jurisdiction of the case.

Of the first reason little need be said. The act of congress of March 3, 1875, has greatly enlarged the jurisdiction of the circuit courts of the United States, and enlarged correspondingly the right of removal of civil suits from the state courts. The second section of the act enacts as follows: "That any suit of a civil nature, at law, or in equity, now pending or hereafter brought in any state court, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made under their authority, or in which the United States shall be plaintiff or petitioner, or in which there shall be a controversy between citizens of different states, or a controversy between citizens of the same state, claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens or subjects, either party may remove said suit into the circuit court of the United States for the proper district. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined, as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy, may remove said suit into the circuit court of the United States for the proper district."

The third section prescribes the time when such removal may be made, and the manner in which it may be effected. It enacts that either party, or any one or more of the plaintiffs or defendants entitled to remove the suit, may make and file in the suit in the state court a petition for the removal before or at the term at which the cause could be first tried, and before the trial thereof, together with a bond with surety, etc. It is then made the duty of the state court to accept the petition and bond, and proceed no further in the suit. The petition and bond must be filed "before or at the term at which the cause could be first tried, and

before .the trial thereof." In this case the bill was brought to March term, 1878, of the state court. It was filed on the 8th of February, 1878; a motion was instantly made for a receiver, and the 20th of February was assigned for hearing the motion. On the 18th of February the defendants entered their appearance, and moved to postpone hearing of the motion for a receiver until the 27th. This motion the court denied, but postponed the hearing one day. On the 21st of February the defendants filed a joint answer under oath, denying most of the material averments of the bill, together with affidavits. On. February 25th the court appointed a receiver, and on the 5th of March, 1878, the petition for removal of the suit into this court was filed together with the required bond. They were filed before the first term of the common pleas, subsequent to filing the bill, commenced. This recital of the facts, as they appear by the record, without more, is sufficient to show that the application for removal was made in due time.

The second reason advanced for remanding the case is equally without merit. If a proper petition and bond were filed in due season, as we have seen they were, and if the petition and record exhibited a case which the petitioners had a right to remove, it was not in the power of the state court to deny the right by any judgment it could give. The act of congress declares that after the petition and bond are filed, the state court shall proceed no further in the suit. The petition is filed in the suit. It thus is made part of the record, and, by the act of filing, the suit is withdrawn from the jurisdiction of the state court. It may be admitted that when the petition, read in connection with the other parts of the record, does not show a case of which the circuit court has jurisdiction, the jurisdiction of the state court is not ousted. In such a case that court may proceed. It may therefore examine the petition and record, but its judgment upon the question whether a proper case appears for removal is not conclusive upon the circuit court. It is to be observed that no order of the state court for a removal is necessary; certainly none since the act of 1875. Nor is any allowance required. The allowance is made by the statute. Hence when the petition and record exhibit a case for removal, coming within the statute, all jurisdiction of the state court terminates. It has even been said every subsequent exercise of jurisdiction by that court is "coram non judice," null and void. Such was the language of the supreme court in Gordon v. Longert, 16 Pet. [41 U. S.] 97, and the declaration has been repeated in other courts. This would seem to follow from the fact that subsequent action by the state court is expressly prohibited by the act of congress. But whether the declaration was strictly accurate when it was made, or not; whether subsequent exer-

cise of jurisdiction 'by the state court was not void, but merely erroneous, it is unimportant now to consider; for plainly by the act of 1875, the power of removal and the jurisdiction of the federal court is made independent of any action or non-action of the state court upon the application. The 5th section of the act requires the circuit court to dismiss a suit which has been removed, or remand it whenever it shall appear to its satisfaction that it .does not involve a dispute or controversy properly within the jurisdiction of the circuit court. A decision of the state court, therefore, that the cause sought to be removed is one of which the circuit court has jurisdiction, can have no effect. It can not force jurisdiction upon the circuit court, nor can it deny jurisdiction to it. And further, the 7th section empowers the circuit court, to which any cause shall be removable under the act, to issue a writ of certiorari to the state court commanding said court to make return of the record in any such cause, removed as aforesaid, or in which any one or more of the plaintiffs or defendants have complied with the provisions of the act for the removal of the same, and enforce said writ according to law. Surely it would be no sufficient return to such a writ that the state court had decided the case was not one which could be removed, or had decided that the circuit court had no jurisdiction. So also it may be inferred from another provision of the act that no action of the state court can prevent or hinder the removal. A severe penalty is imposed upon the 'clerk of the state court who shall refuse to any one or more of the parties applying to remove a cause, a copy of the record therein, after tender of the legal fees for such copy. The copy must be furnished for filing in the circuit court to any party applying for removal, without reference to any action the state court may have taken. For these reasons we think the refusal of the court of common pleas to allow the removal of the case into this court is immaterial. '

The third reason urged in support of the motion to remand is the most important one. If it be true indeed that the case is one of which this court has no jurisdiction, it is our duty to remand it to the court from which it has been removed. Whether we have jurisdiction or not depends both upon the citizenship of the parties and the controversy involved. What the citizenship is must be determined from the bill filed by the plaintiffs; and to the bill with its exhibit, the answer and the petition for removal, alone, can we look, for the controversy between the parties, so far as it bears upon our jurisdiction. Taylor, one of the plaintiffs, is a citizen of New York, and his co-plaintiffs citizens of Pennsylvania. Rockefeller and Flagler, the petitioners for removal, are two of the defendants, and they are both citizens of Ohio. The other defendants sued with Rock

efeller and Flagler, are citizens either of Pennsylvania or of New York. The petitioners are therefore citizens of a different state from those of which the plaintiffs are citizens, though some of the plaintiffs and some of the defendants are citizens of the same state, viz., Pennsylvania. Such being the citizenship, it may be admitted that, as the law was before the enactment of the act of 1875, the petitioners would have had no right to remove the case into the circuit court, and that court would have had no jurisdiction, because each of the plaintiffs was not capable of suing each of the defendants in a federal court. So it was ruled in Strawbridge v. Curtis, 3 Cranch [7 U. S.] 267, when the 12th section of the judiciary act of 1789 [1 Stat. 79] was under consideration, and this has been the constant construction of that act. Similar rulings have been made with reference to the acts of 1866 [14 Stat. 306] and 1867 [Id. 558]. Case of Sewing Mach. Cos., 18 Wall. [85 U. S.] 553; Knapp v. Railroad Co., 20 Wall. [87 U. S.] 122. Such was the general rule. It was not, however, of universal application. Even in Strawbridge v. Curtis the court declined giving an opinion of a case where several parties represent several distinct interests, and some of the parties are, and others are not competent to sue, or liable to be sued in the courts of the United States. And the rule has often been held not to apply to merely formal parties. Thus in Wood v. Davis, 18 How. [59 U. S.] 468, it was said by the supreme court: "It has been repeatedly decided by this court, that formal parties, or nominal parties, or parties without interest, united with the real parties to the litigation, cannot oust the federal courts of jurisdiction if the citizenship or character of the real parties be such as to confer it." The court has gone much further. In Shields v. Barrow, 17 How. [58 U. S.] 139, speaking of parties to a bill in equity, they were described as, first, formal parties; second, necessary parties; and third, "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." Such are indispensable parties. And subsequent decisions held that it is only when an indispensable party defendant was a citizen of the same state with the plaintiff that the jurisdiction of the federal courts was defeated. Ober v. Gallagher, 93 U. S. 204.

But whatever may have been the doctrine held prior to the act of congress of 1875, that act has introduced great changes of the law. The first section extends the jurisdiction of the circuit courts nearly, if not quite as far as the second section of the third article of the constitution authorizes, alike in regard to the subject matter of suits, and to the citizenship of the parties. It adopts the words of the constitution. The second section relates to the removal of suits from state courts into United States circuit courts, and it follows the language of the first section. Hence, any cause which might have been commenced in the circuit court, either because of its subject matter or the citizenship of the parties, may be removed from a state court into the federal one. The question always is, whether, on account (of) the citizenship of the parties or the subject of the controversy, the federal court has jurisdiction.

Whether since the act of 1875, the right of removal extends to all cases in which some of the necessary or indispensable defendants are citizens of the same state with the plaintiffs, or some of them, is no doubt a very important question not yet decided. It does not, if the rule of construction applied to the judiciary act of 1789, and the acts of 1866 and 1867, is applicable to the later act. But the later act, for the first time, adopts the language of the constitution, and seems to have been intended to confer on the circuit courts, all the jurisdiction, which, under the constitution, it was in the power of congress to bestow. Certainly the case mentioned would be a controversy between citizens of different states, and the reasons which induced the framers of the constitution to give jurisdiction to the federal courts of controversies between citizens of different states, apply as strongly to it as they do to a case in which all the defendants are citizens of a state, other than that in which the plaintiffs are citizens, and if that instrument is to be construed so as to carry out its intent, it would seem the question should be answered in the affirmative. However that may be, it is certain the act of 1875 confers a right to remove cases which could not have been removed under any former act. It expressly declares that when in any suit mentioned in the second section, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants, actually interested in such controversy, may remove said suit into the circuit court. It is not where the controversy, or even the main controversy, is between such citizens. The meaning of the clause is not obscure. In many suits there are numerous subjects of controversy, in some of which one or more of the defendants is actually interested, and other defendants are not. The right of removal is given where any one of those controversies is wholly between citizens of different states, and can be fully determined as between them, though there may be other defendants actually interested in other controversies embraced in the suit. The clause, "a controversy, which can fully be determined as between them," read in connection with the other words, "actually interested in such controversy," implies that there may be other

parties to the suit, and even necessary parties, who are not entitled to remove it. Such other parties must be indispensable to a determination of that controversy which is wholly between the citizens of different states, or their being parties to the action is no obstacle to a removal of the case into the circuit court.

If this is a correct construction of the act of congress, the case in hand is free from difficulty. The petition of Rockefeller and Flagler for removal, asserts that the controversy is wholly between them and the plaintiffs, and that as between them it can be fully determined. The motion to remand traverses no fact set out in the petition. It simply presents the question whether the facts asserted in the record show that under the act of congress the case was improperly removed, and that this court has no jurisdiction of it. The fifth section of the act provides that, if at any time it shall appear that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of the circuit court, that court shall proceed no further therein, but shall remand it to the court from which it was removed. Looking then to the bill and answer, do they involve such a controversy? We cannot doubt that they do.

The bill, with its exhibit, made a part of the bill, charges that the plaintiffs, together with one Vandegrift, and one Foreman, sold an undivided half interest in their oil producing properties to the defendants (not naming them,) and entered into a partnership with the defendants, (not naming them,) having for its object the purchase and operation of oil producing territory, and the production and sale of crude petroleum. It further charges that, at the time of entering into the contract of partnership, a written contract was executed between certain trustees of the first part, the plaintiffs, and Vandegrift and Foreman, of the second part, and Rockefeller and Flager of the third part, confirmed by the other parties defendant, providing for the manner in which the title to the lands and property of the partnership should be acquired, held and disposed of, and fixing a limitation and method of dissolution of the partnership. A copy of this agreement is annexed to the bill, and made a part of it. From the whole tenor of the bill it is evident that agreement is what is called the contract of partnership. But on reference to it its purpose was not to create or evidence a partnership. It is a mere declaration of trust. The parties to it are Taylor and Bushnell, two trustees, of the first part, whose duty is to hold the lands conveyed to them, and to manage them, to operate, control and sell them for the sole and exclusive benefit of Taylor, Vandegrift, Foreman, Pitcairn and Sutterfield, of the second part, and Rockefeller and Flagler, of the third part. There are no other parties to the agreement. The parties mentioned as of the third part are petitioners for the removal of the case. They are the only defendants named in the contract. The other defendants, it is true, appear to have joined in one of the conveyances of land conveyed to the trustees, and by a separate instrument they expressed assent to the agreement, and declared that their conveyance was made for the purpose set forth in it. But they entered into no covenants, and assumed no obligation to the plaintiffs. Looking more minutely to the contract, it appears that Taylor and Bushnell, the trustees, and parties of the first part, were constituted managers of the property and the interests of the trust, for a compensation to be fixed. All the other parties were at best mere cestuis que trust, and it was stipulated that in case profits were divided they, together with all proceeds of sale, should be divided monthly, or oftener if the executive committee should so decide, and paid one-half to Taylor for the second party, and the other half to Henry M. Flagler for the third party. Beyond doubt, therefore, Rockefeller and Flagler are the main defendants in this suit. There are no other indispensable defendants. If those who have not petitioned for a removal of the suit into this court have any interest at all in it, it is because Rockefeller and Flagler, the petitioners, are their trustees, a matter in which the plaintiffs have no interest. Conceding that those other defendants are cestuis que trust of Rockefeller and Flagler, which does not clearly appear, they are not necessary parties to the bill. They are represented by their trustees. Kerrison v. Stewart, 93 U. S. 159. And the fact that they have been made parties by the plaintiffs is, under the act of 1875, no obstacle to the removal of the case into the federal court. Ellerman v. New Orleans, etc., R. Co. [Case No. 4,382]; Osgood v. Railroad Co. [Id. 10,604]; Turner v. Railroad Co. [Id. 14,259]; Dill. Rem. Causes, 34, note. The case, therefore, plainly involves a controversy which is wholly between the plaintiffs and Rockefeller and Flagler, and which can be fully determined as between them. If there are other controversies, in which the other defendants are interested, they are merely incidental; they are not the main controversy. The real controversy, as appears on the face of the bill, independent of the answer and the petition for removal, is between the plaintiffs and Rockefeller and Flagler, the second and third parties to the trust agreement. This is true whether the third parties are solely interested in one-half of the trust property, or whether they are trustees of the other defendants.

Indeed, according to the literal reading of the statute, (a reading quite in harmony with the constitution,) the right of removal, and the jurisdiction of this court exists, though the controversy between the plaintiff and the defendants, who are petitioners for the removal, be not the main controversy in the case. It is enough if there be a controversy

wholly between citizens of different states, which can be fully determined as between them, though it may not be fully determined as between the plaintiffs and the other defendants. The phrase, "as between them," is significant. And there is no necessary embarrassment attending such a removal. The entire suit is removed because of the controversy it involves between citizens of different states, and the circuit court, having thus obtained jurisdiction, is competent to determine all the controversies involved between the plaintiffs and the other defendants. The other questions are regarded as incidental. This is in accordance with the acknowledged practice, and with the adjudications. It has even been ruled that supplementary, auxiliary or dependent proceedings, though commenced by original bill, and involving only controversies between citizens of the same state, will be entertained in the federal courts when necessary to a complete determination of all the matters growing out of a controversy in those courts between citizens of different states. Jones v. Andrews, 10 Wall. [77 U. S.] 833, and cases in note.

But in this case it is unnecessary to invoke such decisions. The case, as exhibited by the bill of the plaintiffs, is one of property equitably held in common, to be managed and divided as stipulated in an agreement, and the object of the suit is to terminate the trust declared, and to have the property sold and divided according to the equities of the parties interested. The agreement itself provides how the division shall be made. Any rights to the profits, or proceeds of sale, not belonging to the second or third parties, that is, not belonging to the plaintiffs, or Rockefeller and Flagler, are only incidental. The entire property described in the agreement, together with all rights to it, and all duties in relation to its management belong to the plaintiffs and Rockefeller and Flagler. If the other defendants have claims against the latter, they are outside of the real controversy, and claims in which the plaintiffs have no interest.

We think, therefore, the case was properly removed into this court, and the motion to remand it to the state court is denied.