## Case No. 5,767.

### GREENE v. KLINGLER.

[10 Cent. Law J. 47.] [1]

Circuit Court, W. D. Texas.    Oct. 13, 1879.

#### REMOVAL OF CAUSES.

1. Under the statutes of Texas, when the tenants call in the landlord or real owner, and he makes himself a party, being thus the real defendant, he has the right, under the act of congress of March 3, 1875 [18 Stat. 470], if he be a citizen of a state other than that of the plaintiff, to remove the cause to the proper United States court on complying with the law, the controversy being regarded as one wholly between him and the plaintiff.

[See note at end of case.]

2. And such application is in time if made on the day after he becomes a defendant, though this be not the first term to which the suit was brought, provided the cause had not been previously at issue or ready for trial.

3. The application of the landlord to be made a party defendant, and his subsequent application to remove the cause to the United States circuit court, being both made in open court in the state court, and both being resisted and passed upon by the state court, and made the subject of bills of exceptions by the plaintiff, the matters raised by such application and passed upon by the state court and reserved by the plaintiff cannot be inquired into in the federal court

1 [Reprinted by permission.]

upon a mere motion to remand the cause, based alone upon the matters contained in the transcript sent from the state court.

Motion to remand.

John Ireland, for the motion.

Hancock, West & North, contra.

DUVAL, District Judge. The above entitled and numbered causes were removed from the district court of Comal county, state of Texas, and filed in this court on the 16th day of June, 1878. They are ordinary actions of trespass to try title commenced on the 21st day of June, 1878. On the 18th of September, 1878, they were continued as upon the affidavits of defendants. On the 19th of September the defendants answered, setting up a general demurrer, the plea of not guilty, the statute of limitations of three and five years, and adverse possession in good faith for more than one year, with valuable improvements, etc. On the 21st of January, 1879, the defendants filed their motion to require M. C. Hamilton to defend the case as their landlord, and on the same day M. C. Hamilton himself moved for leave to appear in said cause, as landlord of defendants, and defend the same. This was resisted by the plaintiff, but after hearing the argument the court on the 22d day of January, 1879, allowed M. C. Hamilton to become a party defendant as landlord, and he thereupon entered his appearance as landlord of defendants, pleading the general issue and adopting as his own the pleading of said defendants. On the same day M. C. Hamilton filed his petition alleging himself to be a citizen of the state of New York, and praying to remove the cause into the circuit court of the United States for the Western district of Texas, holden at the city of Austin, at the same time offering the necessary bond, etc. This motion to remove was also resisted by the plaintiff, but it was allowed by the court, and an order to that effect made on the 23d of January, 1879. To the action of the state court allowing Hamilton to become a party as landlord, and to remove the case into this court, the plaintiff duly filed bills of exceptions, etc. These are the material facts as shown by the transcripts of the record filed in this court.

The plaintiff now moves this court to remand these cases to the district court of Comal county on two grounds: (1) Because, as he alleges, there is no act of congress of the United States, giving to this court jurisdiction over said causes; and (2) because the motion to remove to this court came too late. I presume that this application for removal was made on the part of Hamilton under the second section of the act of congress of March 3d, 1875, entitled "An act to determine the jurisdiction of the circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes." This section provides,

among other things, that "any suit of a civil nature at law or in equity," involving over $500 in which there shall be a controversy between citizens of different states, may be removed from a state court to the proper circuit court of the United States by either party. As respecting the time in which the removal must be applied for, the provision is that the petition therefor must be filed in the state court, "before or at the term at which the cause could be first tried, and before the trial thereof." It seems to me that under the Texas statute providing a mode of trying title to land, there can be no doubt that Hamilton, as the landlord of the tenant had the right to come in and defend the suit. The fifth section of the statute referred to provides that, "when a tenant is sued for the lands of which he is in possession, the real owner, or his agent or attorney, may enter himself on the proceedings as the defendant in the suit, and shall be entitled to make such defense as if he had been the original defendant in the action." Under this provision Hamilton had the absolute right as landlord of the tenant sued, to make himself the defendant, and having done so, he became virtually the sole defendant, and entitled to make any defense that he could have done had he been the original defendant. The controversy then became one wholly between himself and the plaintiff. The tenants who had been sued were thereafter merely nominal parties; they became, in fact, dormant parties, whose appearance or existence was no longer necessary in the further progress of the litigation. Under these circumstances, it seems to me that the mere fact of their being citizens of the state of Texas ought not to defeat the right of Hamilton to a removal. Whether Hamilton was, in fact, the landlord of the defendants originally sued, is not shown by the transcript of the record, and cannot be inquired into or determined upon this motion to remand. And the action of the district court of Comal county on this subject can not be revised by this court. It is not denied that Hamilton is a citizen of the state of New York, and such, at present, must be regarded as his status. It is well established by repeated decisions of the supreme court of the United States that in controversies respecting real property in a state, the laws of such state and decisions of her highest court are rules of decision for this court. Construing, therefore, the Texas statute which gives to landlords the absolute and unqualified right to make themselves parties defendant in actions of trespass to try title, in connection with the act of congress of March 3d, 1875, my conclusion is that these cases have been properly removed, and this court has jurisdiction over them as being a controversy between citizens of different states, provided it was removed in proper time. The transcript of the record shows that at the first term of the Comal district

court, after the institution of the suit, viz., on the 18th of September, 1878, it was continued on an affidavit of defendants, and on the same day, during the same term, the defendants filed their answer. The case was, therefore, not at issue until after the continuance was entered, and under the laws and practice of the state of Texas was not subject to be tried upon its merits until the next succeeding term thereafter, that was the term at which Hamilton moved for the removal, and I think he was in time, even so far as the case could be first tried as between the plaintiffs and original defendants. Be this as it may, when Hamilton entered his appearance as landlord, and moved for the removal of the case, it was certainly the first term at which the cause could be tried as to him. He made the motion for removal on the next day after he was made the party defendant, and it was allowed by the state court. This was the earliest moment at which he could have made the application, and the law cannot be properly construed to require any greater diligence on his part. In my opinion the court has jurisdiction over these cases, so far as appears upon this motion and the transcript of the record. The motion to remove is therefore overruled.

[NOTE. This case was then heard at October term, 1880, by Woods, Circuit Judge, who also denied the motion to remand, but afterwards suggested a reargument, which took place at February term, 1882, before Pardee, Circuit Judge, who also denied the motion in a case reported in 10 Fed. 689. He followed the case of Barney v. Latham, 103 U. S. 205, which had been decided since the argument before Judge Woods, and where it was held that, where there is a controversy wholly between citizens of different states which can be fully determined as between them, such a removal is proper, upon one or more of the plaintiffs or defendants complying with the requirements of the statute.]