## ALDRICH v. CROUCH, impleaded, etc.

*(Circuit Court, N. D. Illinois.* February 9, 1882.)

1. REMOVAL OF CAUSE—SHOWING REQUIRED.

It must affirmatively appear on the record, or by facts in the petition, that the case could not have been heard and tried at a term before the application was made.

2. SAME—CONSTURCTION OF SECTION 3 OF ACT OF MARCH 3, 1875.

The construction of the statute is that if the case is in a condition where it can be tried in conformity with the law and the practice of the court, then an application after that term in which it is in that condition comes too late

3. SAME—APPLICATION UNDER ACT OF 1867.

The statute of 1867 does not permit a citizen of the state in which a suit is brought to make application to remove on account of prejudice, but only the citizen of another state, where the suit is between such citizen and the citizen of the state in which the suit is brought.

*A. C. Story,* for plaintiff.

*George W. Kretzinger,* for defendant.

DRUMMOND, C. J.  The plaintiff is a citizen of South Carolina, and the defendants are citizens of Illinois.  Crouch is the only party who has been served with process and appears in court.  An action at law with the usual money counts was commenced in the circuit court of Cook county on the fifteenth day of March, 1881, and on the twenty-fifth day of April following the defendant Crouch filed his plea.  Under the law of this state there was a term of the circuit court for every month.  The practice act of the state required that the clerk should keep a docket of all the causes pending for each term.  There was to be a certain number of cases set for each day of the term, and the cases were to be tried and disposed of in the order in which they were placed on the docket, unless the court, for good and sufficient cause, should otherwise direct.  On the twentieth day of October, 1881, Crouch filed his petition for the removal of the case to this court, and gave bond under the act of congress. When the transcript was filed in this court it was, on motion of the plaintiff, remanded to the state court, for the reason that it did not appear from the record that the application for a removal was made in time, within the meaning of the act of congress.  After the cause was thus remanded to the state court it was placed at the foot of the trial calendar, and on the twenty-fifth of January, 1882, there was another petition filed in the state court for removal of the cause, and a

bond given under the act of congress, and the transcript has now been presented to this court, and the court is again called upon to determine whether the cause is properly removable.

There is no other objection except that the application was not in time, and we may at present consider the question as if the application were made only under the act of 1875, the third section of which declares that it must be made "before or at the term at which the cause could be first tried, and before the trial thereof." The only difference between the application now and when the cause was before this court on the former application, is that in the second petition which was filed in the state court Crouch says that the cause could not previously have been tried or heard in the circuit court of Cook county. Why it could not have been heard or tried he does not state, and the question for the court to determine is whether, upon this statement, when connected with the other facts disclosed in the record, it can be presumed that the application was made in time under the act of congress; and, I think, it cannot be so presumed, and that the case is not essentially changed from the position which it occupied at the former hearing before this court. It is no further changed than by the above allegation upon the face of the petition, and the court cannot assume that constitutes a sufficient reason why the application was not made before. If we consider it— as perhaps we cannot—an application made on the twentieth day of October, 1881, and not on the twenty-fifth day of January, 1882, I am of the same opinion that I was on the former occasion, that it does not affirmatively appear upon this record, or even by the petition, that the case could not have been heard and tried before the application was made on the twentieth of October; and, of course, for a much stronger reason, before it was made on the twenty-fifth of January of this year. Suppose there must be an issue made up in the case, and the cause is in a condition in which it cannot be heard and tried on account of pressure of business, if the return term has arrived, and the pleadings are filed according to the rules and practices of the court, it is not competent for a party to lie by and allow a term to elapse, and then make his application and say that he is in time. I take it that the true construction of the statute is that if the case is in a condition where it can be tried in conformity with the law and the practice of the court, then an application after that term in which it is in that condition comes too late. Now, it may be that there was a pressure of business, so that the court could not very well try the case. But if that were so, and there were other cases having

priority over it on the docket, it may still have been in a condition where it could have been tried and heard, within the meaning of the statute. The meaning of this statute is not that the court in its regular order, if it proceeded in that way, did not take up the case, but where the court could not take up the case and hear and try it, whatever might be the understanding as to other cases, or of the counsel who were employed in other cases. That seems to be the meaning of the language of the statute, "before or at the first term at which the cause could be tried, and before the trial thereof." This was the construction put upon this clause of the statute in the cases which have been cited, and it was the construction by this court in *Kerting* v. *American Oleograph Co., ante,* 17, where one of the parties had a right to set the case down for hearing and did not. Now, in one sense, it had not been set down for hearing; but the reason why it was not was because the counsel did not so choose. It was not competent for a party to decline to set the case down for hearing and then allow a term to pass and make an application subsequently for a removal of the cause.

The application made under the act of 1867 clearly is not within the statute. The application for removal was made by Crouch, one of the defendants, and the only defendant in court. He is a citizen of Illinois. The plaintiff, against whom this application is made, is a citizen of South Carolina, and the statute does not permit a citizen of the state in which the suit is brought to make an application to remove on account of prejudice, but only the citizen of another state, where the suit is between such citizen and the citizen of the state in which the suit is brought. This case will have to go back to the state court, on the ground that the case has not been removed from the state court. *Bible Society* v. *Grove,* 101 U. S. 610; *Babbitt* v. *Clark,* 103 U. S. 606; *Gurnee* v. *County of Brunswick,* 1 Hughes, 270; *Murray* v. *Holden,* 1 McCrary, 341; [S. C. 2 FED. REP. 740;] *Forrest* v. *Keeler,* 17 Blatchf. 522; *Kerting* v. *American Oleograph Co., ante,* 17.

NOTE. The act of 1875 requires the petition to be made and filed in the state court before or at the term at which the cause could be first tried on its merits, and before the trial thereof. *American Bible Society* v. *Grove,* 101 U. S. 610; *Ames* v. *Colorado Cent. R. Co.* 4 Dill. 260; *McLean* v. *Chicago & St. P. R. Co.* 16 Blatchf. 319; *Fulton* v. *Golden,* 20 Albany Law J. 229; *Murray* v. *Holden,* 2 FED. REP. 740; *Huddy* v. *Havens,* 5 Cent. Law J. 66; *Taylor* v. *Rockefeller,* 7 Cent. Law J. 349.

It is the evident intention of the act of March 3, 1875, § 3, that if, under the

local law and practice, a case could have been tried at a stated term, a removal cannot be had after the lapse of that term. *Gurnee* v. *Brunswick*, 1 Hughes, 270; *Danville Banking & T. Co.* v. *Parks*, 88 Ill. 170; *Carswell* v. *Schley*, 59 Ga. 17; *Cole* v. *La Chambre*, 31 La. Ann. 41; *New York W. & S. Co.* v. *Loomis*, 122 Mass. 431; *Inhab. of School Dist.* v. *Ætna Ins. Co.* 66 Me. 370; *Watt* v. *White*, 46 Tex. 338.

If the state law requires that the case be tried at a certain term it cannot be removed after that term, whether the issues are made up or not. *Atlee* v. *Potter*, 4 Dill. 559.

The first term at which the case can be tried is the term at which there is an issue for trial. *Meyer* v. *Construction Co.* 100 U. S. 474; *Scott* v. *Clinton & S. R. Co.* 6 Biss. 529; *Gurnee* v. *Brunswick*, 1 Hughes, 270; *Green* v. *Kingler*, 10 Cent. Law J. 47; *Whitehouse* v. *Continental Ins. Co.* 37 Leg. Int. 225; *Phœnix Life Ins. Co.* v. *Saettel*, 33 Ohio St. 278.

The term "at which a cause could be first tried" means when the issues are first made up. *Scott* v. *Clinton & S. R. Co.* 6 Biss. 529.

A case is in a condition to be tried when it is at issue, but a case is not at issue, where the answer requires a reply to be filed, till such reply is filed. *Mich. Cent. R. Co.* v. *Andes Ins. Co.* 9 Chi. Leg. News, 34.

A cause not at issue as to one defendant may be removed as to him, although it has long been at issue as to the other parties. *Stapleton* v. *Reynolds*, 9 Chi. Leg. News, 33. As where he has just been served with process. *Greene* v. *Kingler*, 10 Cent. Law J. 47.

The application must be made when the cause is ready for trial, although the court and parties may not be ready to try it. *Gurnee* v. *Brunswick Co.* 1 Hughes, 270; *Blackwell* v. *Brown*, 1 FED. REP. 351; *Chicago, B. & Q. R. Co.* v. *Welch*, 44 Iowa, 665; *Whitehouse* v. *Ins. Co.* 2 FED. REP. 493. So, if the case was at issue and could have been tried, but was continued over the term by consent of parties, it is then too late. *Scott* v. *Clinton & S. R. Co.* 6 Biss. 529; *Stough* v. *Hatch*, 16 Blatchf. 233. Unless the state law did not require it to be tried at the appearance term. *Palmer* v. *Call*, 4 Dill. 566.

Under the law of 1867, Rev. St. § 639, par. 3, when the defendant is a citizen of the state where suit is brought, plaintiffs cannot remove the case on the ground of local prejudice if one of them is a citizen of the same state, except where the controversy cannot be settled without the presence of the other plaintiffs. *Bliss* v. *Rawson*, 43 Ga. 181; *Martin* v. *Coons*, 24 La. Ann. 169. And see *Bryant* v. *Scott*, 67 N. C. 391. But a non-resident plaintiff may remove a cause against a citizen of the state in which suit is brought and a citizen of another state, the latter of whom voluntarily appears. *Akerly* v. *Vilas*, 2 Biss. 110; S. C. 1 Abb. 284; *Sands* v. *Smith*, 1 Dill. 290; S. C. 1 Abb. 368.—[ED.