ATLEE, (NORTHWESTERN UNION PKT. CO. v.) See Case No. 10,341.

## Case No. 636.
### ATLEE v. POTTER et al.
[4 Dill. 559;[1] 11 West. Jur. 617.]

Circuit Court, D. Iowa. 1877.

REMOVAL OF CAUSES—ACT OF MARCH 3, 1875—
TIME FOR REMOVAL.

1. The act of congress of March 3, 1875, [18 Stat. 471,] § 3, requires the petition for the removal of causes from the state court to the circuit court to be made "before or at the term at which the cause could be first tried, and before the trial thereof." The Code of Iowa provides that law actions "shall be tried at the first term after legal and timely service has been made:" *Held*, that this provision limits the time in Iowa at which the application for the removal of law actions, under the act of March 3, 1875, can be made.

2. Accordingly, an application in Iowa, by the defendants, for the removal of a law action which was not made at the return term, nor at the next term, when the defendants entered their appearance, nor yet at the next succeeding term, is not in time, under the act of March 3, 1875, although it was made at the term at which the answer was filed and the issues of fact completed.

3. In view of the specific provisions of the Code of Iowa, definitely fixing the time for the trial of law actions, the time for the removal, under the act of March 3, 1875, cannot be extended by the circumstance that in point of fact the issues are not made up at the first term. It might be different in the absence of statutory regulation as to what shall be the trial term.

[Cited in Chrissenger v. Democrat, 22 Fed. 754.]

At law. On motion to remand cause to the state court. The petition,· which was at law, was filed in the state court November 25, 1875. At the August (1876) term of the state court, the defendants appeared and moved for a more specific statement of the cause of action. The motion was sustained, and the case continued. At the February term, 1877, the plaintiffs filed an amendment to their petition, and the defendants demur-

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

red, and at the same term the demurrer was overruled, and the cause went over. The defendants filed an answer in vacation, May 9, 1877. No replication was necessary, and the answer completed the issues. At the next term, viz., the August term, 1877, an application for removal to this court was made by the defendants, under the act of March 3, 1875, on the ground of citizenship, and the removal was ordered. In this court the plaintiffs move to remand the cause to the state court, because the application for the removal was not made in time.

B. J. Hall, for motion.

E. S. Huston, contra.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge. This case was removed to this court by the defendants on the ground of citizenship, under the act of March 3, 1875, [18 Stat. 471.] The only question presented is whether the removal was applied for in time. The application for removal was not made at the term at which the original notice was returnable, nor at the term at which the defendants entered their appearance, nor yet at the next succeeding term, but was made at the term at which the answer was filed and the issues completed. The action is one at law, and not in equity.

The Code of Iowa, in respect of the time of the trial of actions, contains the following provisions: "Section 2744. Except where otherwise provided, causes shall be tried at the first term after legal and timely service has been made. Section 2745. The appearance term shall not be the trial term for equitable actions, except those brought for divorce, to foreclose mortgages, and other instruments of writing whereby a lien or charge on property is created, or to enforce mechanic's liens." Section 2744, supra, is the one which applies to this case, and it not being elsewhere otherwise provided, the cause was triable at the first term after due and timely service of the original notice (which stands in the place of a summons) had been made. It was therefore triable at the August term, 1876. The act of congress of March 3, 1875, requires the petition for removal to be made "before or at the term at which the cause could be first tried, and before the trial thereof."

The cause could, under the local statute above referred to, have been put at issue one or two terms before this was actually done, and it could have been tried, and under the Iowa statute it was triable, at the term at which the issues could have been made up. The provision of the Iowa statute which has been referred to, definitely fixing the term "at which the cause could be first tried," limits the time at which the application for the removal can be made. The time for the removal cannot be extended under the specific provisions of the Code of Iowa, by the circumstance that, in point of fact, the issues are not made up at the first term. A different rule might apply in the absence of any statutory provision as to what shall be the trial term.

The act of 1875 gives the right of removal to either party on the ground of citizenship, without requiring prejudice or other cause to be shown, and it was evidently the intention of congress, by the language quoted, to require the party to apply for the removal at the trial term, even if the cause should not be in fact put at issue, or be actually reached for trial at that term.

The effect of a removal, ordinarily, if not always, is to occasion delay, and it was to prevent this, as far as practicable, that this provision in the act of March 3, 1875, was enacted. Hence it gives the right to apply for the removal before the term, and requires that it shall be made, not simply before the time when the cause can be tried, but before or at the term at which the same can be first tried. Under the Iowa statute, the first term after due service is the trial term for law actions. In equity causes, with the exceptions specified, the first term is the appearance term, and not the trial term. In law actions the removal must be applied for at the trial term, whether the issues are then made up or not. This is all that it is now necessary to decide.

The conclusion we have reached has the merit of fixing a certain and definite rule as to the time in which the application for the removal of law actions in this state must be made. It has the added merit of preventing delay, which experience shows to be one of the ordinary abuses of the right of removal. It has, also, the further merit of preventing a party from experimenting with the state court by demurrers and motions, with a view to remain if the outlook is favorable, or to apply for a removal if that course offers a more hopeful prospect. Under the act of July 27, 1866, [14 Stat. 369,] and March 2, 1867, [14 Stat. 558,] both of which, as carried into the Revised Statutes (section 639), are probably yet in force, the removal may be applied for down to the time of final trial or hearing, but the right of removal thereunder is much more restricted than under the act of 1875, and there is more reason for the enlarged time than exists under the last named act, which extends the right to either party, simply for the asking, if the cause is one which is removable at all. The motion to remand is sustained.

LOVE, District Judge, concurs.

Cause remanded.

NOTE, [from original report.] As to the time in which equity suits in Iowa must be removed under the act of March 3, 1875, see Palmer v. Call, [Case No. 10,686.] As to the time in which application must be made, under the act of March 3, 1875, to remove suits pending when that act was passed, see Baker v. Peterson, [Id. 776.]