## CHRISSENGER *v.* DEMOCRAT.

(*Circuit Court, N. D. Iowa, E. D.* November Term, 1884.)

1. REMOVAL OF CAUSE—TIME OF APPLICATION—IOWA CODE, § 2744.

Section 2744 of the Iowa Code defines the term at which a cause can be first tried, as that phrase is used in the act of 1875, and limits the right of removal in law actions to the first term after due and legal service has been had, even though the issues therein have not then been made up, or the cause has not been actually reached for trial. *Atlee* v. *Potter,* 4 Dill. 559, followed.

2. SAME—ACT OF 1875—"TERM."

The words "before or at the term at which the cause could be first tried," in the act of 1875, refer to the term at which the cause could, under the provisions of the state statute, be legally brought to trial, and not the term at which the case is actually put in position for trial.

3. SAME—WHEN APPLICATION TOO LATE—HOW DETERMINED.

The true test, in determining when the application for removal must be made, is the question whether the case belongs to a class of cases which, under the Iowa Code, are triable at the first term after service, or to the class which, by reason of some provision of the Code, cannot be forced to trial until the second term. If the case belongs to the former class, the application must be made before or at the first term, even though it may be apparent that by reason of some special fact the case may not be actually in a condition to be tried.

At Law. Motion to remand cause.

*H. T. McNulty* and *Robinson, Powers & Lacy,* for plaintiff.

*James H. Shields* and *Henderson, Hurd & Daniels,* for defendant.

SHIRAS, J. In this cause the plaintiff, a citizen of Minnesota, sues the defendant, a citizen of Iowa, for damages alleged to have been caused by a libelous publication affecting the plaintiff. The action was commenced at the April term, 1884, of the district court of Dubuque county, Iowa, the original notice being returnable on the twenty-ninth of April. On that day the defendant appeared and filed a motion for an order requiring plaintiff to file security for costs. Sections 2927 and 2928 of the Code of Iowa provide that in cases wherein the plaintiff is a non-resident of Iowa, or a foreign or private corporation, and the defendant files an affidavit showing that he has a defense to the action, the plaintiff, before any other proceeding in the cause, shall file a bond, with sureties, to be approved by the clerk, conditioned for the payment of costs; and that if the bond, when ordered, is not filed within the time fixed by the court, the cause shall be dismissed. The court granted an order requiring the plaintiff to file a cost bond within 60 days. Before the expiration of the 60 days, and before the bond had been filed, the court adjourned for the term. After the adjournment, but before the expiration of the 60 days, plaintiff filed a cost bond, which was approved by the clerk.

At the opening of the next term of the state court, the defendant filed a petition and bond for the removal of the cause to this court under the act of 1875, and procured and filed the proper transcript. The plaintiff now moves for an order remanding the case, on the

ground that the application for removal was not made before or at the term at which the cause could have been first tried, and was therefore too late under the provisions of the act of 1875, under which the removal was sought. Section 2744 of the Code of Iowa enacts that, "except where otherwise provided, causes shall be tried at the first term after legal and timely service has been made;" and section 2745 provides that "the appearance term shall not be the trial term for equitable actions," etc.

In the case of *Atlee* v. *Potter*, 4 Dill. 559, Judge DILLON held that section 2744 of the Code of Iowa defined the term "at which the cause could be first tried," as that phrase is used in the act of 1875, and limited the right of removal in law actions to the first term after due and legal service had been had, even though the issues therein had not then been made up, or the cause had not been actually reached for trial. Counsel for defendant in the present case, while admitting that the rule laid down in the above cause is unquestionably correct under the facts of that case, seek to distinguish the question now presented, on the ground that section 2744 does not declare that law actions are triable at the first term, but that it declares that causes, whether at law or in equity, shall be tried at the first term, *except where otherwise provided;* that under section 2927 of the Code the defendant had an absolute right to require plaintiff to file a bond for costs as a protection to defendant, and that the order made requiring the bond to be filed within 60 days, read in connection with section 2928, was tantamount to an order dismissing the case, unless the bond was filed within the time limited; that upon the order being made, as expressly declared in section 2927, no further proceedings could be had in the cause; and that there was then no controversy pending which could be removed into the federal court, as the case would be dismissed unless the bond was filed; and that under this state of facts the case was not legally triable at the first term, but, on the contrary, could not be tried at that term by reason of the enforcement of the rights conferred by section 2927, and therefore it falls within the first clause of section 2744, to-wit, "except where otherwise provided;" and could not have been brought to trial at the first term.

It is not to be denied that there is much force in the reasoning of counsel, yet it does not fully meet the point ruled in *Atlee* v. *Potter*. That case holds that the words, "before or at the term at which the cause could be first tried," refer to the term at which the cause could, under the provisions of the state statute, be legally brought to trial, and not the term at which the case is actually put in a position for trial. The present action could have been legally brought to trial at the first term. The order of the court directing the plaintiff to file a cost bond in 60 days, did not, *ipso facto,* continue the cause over the term. If the plaintiff had filed the bond forthwith, the case could have been tried at the first term. Whether the order requiring the

giving of a bond for costs would or would not work a continuance of the case depended, not upon any provision of the law, but upon the acts of the parties litigant. Thus the plaintiff, by giving the bond before the adjournment, could have brought the case up for trial, and the defendant, by filing an answer, might have waived the order made at its request, and have insisted upon a trial. There is no provision of the Code of Iowa that enabled either party to insist, as a matter of law, that the case could not be tried at the first term. Hence the cause, in fact, belonged to that class of cases which, by the express declaration of section 2744, are triable at the first term after due service. Being legally triable at the first term, then, under the express ruling in *Atlee* v. *Potter, supra*, the petition for removal must be filed at that term. The true test, in determining when the application for removal must be made, is the question whether a given case belongs to a class of cases which, under the provisions of the Code of Iowa, are triable at the first term after service, or to the class which, by reason of some provision of the Code, cannot be forced to trial until the second term. If the case belongs to the former class, then the application must be made before or at the first term, even though it may be apparent that by reason of some special fact the case may not be actually in a condition to be tried. As is well said in *Atlee* v. *Potter*, this conclusion "has the merit of fixing a certain and definite rule as to the time in which the application for the removal of law actions in this state must be made. It has the added merit of preventing delay, which experience shows to be one of the ordinary abuses of the right of removal."

Motion to remand is therefore sustained.